571 So.2d 1356 (1990)
Heriberto RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03474.
District Court of Appeal of Florida, Second District.
November 28, 1990.
Rehearing Denied January 4, 1991.
R.E. Fernandez of Fernandez, Muller & Sanderson, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Heriberto Rodriguez, appeals his conviction and sentence for first degree felony murder. We must reverse and remand for a new trial because the trial judge committed reversible error when she failed to give appellant's requested independent act jury instruction. The instruction would have informed the jury that if it found that appellant's co-defendant committed the murder as an independent act, not during the course of or in furtherance of the attempted robbery, it would have to find appellant not guilty of first degree felony murder.
The evidence presented during appellant's trial showed that on March 14, 1988, at approximately 9:00 p.m., appellant parked his car in the vicinity of a Shell service station and store. His passenger, Victor Ballester, exited appellant's vehicle, went into the Shell station, confronted the attendant on duty and demanded money. The attendant refused to give Ballester the money and Ballester walked to the door of the station as if he were leaving. After a lapse of approximately four seconds, Ballester returned to the counter, placed a revolver to the head of the attendant and executed him on the spot. After the shooting, Ballester, without making any effort to take money or other property from the station or the body of the attendant, exited the station, apparently rejoined appellant in his vehicle and left the scene.
On March 19, 1988, appellant told his father that he had participated in an attempt to rob a store, but did not know about the killing until long after appellant and Ballester left the scene. Appellant expressed fear of Ballester and went to Puerto Rico to seek safety from him. On *1357 March 20, 1988, appellant's father drove to the Hillsborough County Sheriff Office in appellant's car and repeated appellant's story to the sheriff's personnel. Appellant was contacted in Puerto Rico and told his brother-in-law, a Tampa Police Department officer, that he did not know that a person had been shot until some time after the attempted robbery. Appellant stated that he was only the driver of his vehicle at the time of the attempted robbery, had not gotten out of his car and had seen nothing of the attempted robbery or the shooting. Arrangements were made for appellant's voluntary surrender to authorities. Appellant has continued to repeat the same version of the events that he told his father and brother-in-law.
The Shell station had a number of nonaudio video tape cameras as part of a surveillance security system. The cameras were operational and recorded the attempted robbery and the shooting of the attendant in sequential pictures that indicated the date and timing of the events in seconds.
The video tape sequence of the attempted robbery and shooting was shown to the jury at trial. Twice during its deliberations, the jury requested and was allowed to view again the video tape sequences. As depicted in the video, only Ballester was seen when he first arrived at the store on March 14, 1988, at 20:55:06 (six seconds after 8:55 p.m.). The tape shows Ballester entering the store at 20:55:18, and no longer present in the store at 20:55:44.
During the course of the events shown on the tape, Ballester is seen to approach the attendant, turn as if to leave the scene after apparently being stymied in the attempt at robbery, return to the attendant holding a weapon and then shoot the attendant. It was undisputed at trial that appellant never knew Ballester intended to shoot anyone. It was also undisputed that nothing was taken from the store and that appellant never witnessed any of the events that took place as he was parked in his car some distance away from the store and out of the line of vision.
Appellant's entire defense to the felony murder charge was that the murder was an independent act on the part of Ballester and not committed in the course of or in furtherance of the attempted robbery.
In closing arguments, appellant's counsel focused on the murder as an independent act because it was committed after the attempted robbery had failed and, since the entire scene had been filmed by the three visible surveillance cameras, it was arguably not done as an attempt to eliminate the witness. Appellant's counsel argued that the video tape showed that the murder was a spiteful act in the nature of an execution committed by Ballester as an afterthought to the attempted robbery.
The jury here had for its consideration a video tape of the entire sequence of events from which it could determine as a matter of fact whether in its opinion the attempted robbery had terminated before the murder, thus rendering the murder of the attendant a separate, independent act. Where there is any evidence introduced at trial which supports the theory of the defense, the defendant is entitled to have the jury instructed on the law applicable to his theory of defense. Gardner v. State, 480 So.2d 91 (Fla. 1985); Motley v. State, 155 Fla. 545, 20 So.2d 798 (Fla. 1945).
It is settled law in this state that the felony murder rule and the law relating to principals combine to make a felon liable for the acts of murder committed by his co-felons in the furtherance of their joint felony. However, where there is evidence from which a jury could determine that the acts of the co-felons resulting in murder were independent of the joint felony, a defendant is entitled to an instruction that if the murder was such an independent act, not committed in furtherance of or in the course of the joint felony, the jury should find the defendant not guilty of felony murder. Bryant v. State, 412 So.2d 347 (Fla. 1982). There was such evidence in this case from which the jury could have determined that the murder of the attendant was an independent act of Ballester, unrelated to the attempted robbery. The jury should have been so instructed.
*1358 We therefore reverse and remand for a new trial.
THREADGILL and PATTERSON, JJ., concur.