FRANK, Judge.
Heriberto Rodriguez, charged with first degree felony murder, was found guilty and sentenced to a life term. In his first appearance here, we reversed his conviction because of the trial court’s erroneous refusal of his request for a jury instruction, i.e., that the victim’s death stemmed from the independent act of a co-felon. Hence, we remanded the matter for a new trial, Rodriguez v. State, 571 So.2d 1356 (Fla. 2d DCA 1990) (Rodriguez I), and he was again found guilty of first degree felony murder. In his present appeal he raises three points, only one of which merits discussion. We affirm.
The facts adduced on remand are essentially the same as those set forth in Rodriguez I. We begin by borrowing from our first opinion:
[0]n March 14, 1988, at approximately 9:00 p.m., appellant parked his car in the vicinity of a Shell service station and store. His passenger, Victor Ballester, exited appellant’s vehicle, went into the Shell station, confronted the attendant on duty and demanded money. The attendant refused to give Ballester the money and Ballester walked to the door of the station as if he were leaving. After a lapse of approximately four seconds, Bal-lester returned to the counter, placed a revolver to the head of the attendant and executed him on the spot. After the shooting, Ballester, without making any effort to take money or other property from the station or the body of the attendant, exited the station, apparently rejoined appellant in his vehicle and left the scene.
Rodriguez I, 571 So.2d at 1356.
At the remanded proceeding, the trial court instructed the jury on Rodriguez’s liability for the lethal acts of his co-felon:
If you find that the killing of Alain Dubrose was an independent act on the part of Victor Raymond Ballester and was not committed during the course of and in furtherance of the crime of attempted robbery, then you must find the Defendant, Heriberto Rodriguez, not guilty of murder in the first degree.
During the course of attempted robbery means that the act occurred prior to, contemporaneous with or subsequent to the attempted robbery and that the act and attempted robbery constitute a continuous series of events.
Rodriguez argues the latter instruction effectively constituted “a judicial command” to the jury to return a verdict of guilty. We disagree. No aspect of the instruction relieved the state of its burden to prove a causal connection between the homicide and the attempted robbery. See Bryant v. State, 412 So.2d 347 (Fla.1982). Without emphasizing Rodriguez’s participation in the shooting, the trial court’s instruction informed the jury that the state’s burden included proving that the death of Alain Dubrose “occurred as a consequence of and while Heriberto Rodriguez was attempting to commit a robbery.” We subscribe to the view that the term “[djuring the course of attempted robbery” embodies the period when, as here, there is flight from the scene of the crime. See Hornbeck v. State, 77 So.2d 876 (Fla.1955); Parker v. State, 570 So.2d 1048 (Fla. 1st DCA 1990).
Because we have found no error in the instructions given the jury, we affirm.
CAMPBELL, A.C.J., and PARKER, J., concur.