634 So.2d 214 (1994)
Eddie MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2592.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
*215 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Eddie Moore appeals his sentence after remand, raising three points on appeal. First, Moore contends and the state concedes, that in accordance with this court's prior mandate in Moore v. State, 616 So.2d 168 (Fla. 4th DCA 1993), the trial court failed to correct Moore's judgment of conviction and sentence to reflect that aggravated battery with a firearm was a second degree rather than a first degree felony. Thus, we reverse and remand for the correction of this sentence. Moore need not be present for this correction to take place.
Moore also contends that the trial court failed to credit him on his resentence for all the time previously served. However, it appears that the lower court properly credited Moore for such time when it gave him credit for 824 days, and "credit for all time previously served while awaiting to be transported to F.S.P." While section 921.161, Florida Statutes (1991), requires that credit must be provided for a specified period of time provided for in the sentence, the department of corrections can properly calculate the specific amount of days Moore spent in jail while waiting to be transported. See Hampton v. State, 421 So.2d 775 (Fla. 5th DCA 1982) (though defendant is entitled to credit against the first of these two sentences for the time he spent in prison under the first of his two old sentences on the same charge and conviction, it is the proper function of the department of corrections to determine the appropriate amount of credit for such prison time).
Finally, Moore contends that the lower court erred in departing from the guideline sentence on the second degree murder charge. We hold that Moore's "escalating pattern of criminal activity" was a valid ground for an upward departure from the sentencing guidelines, since Moore's crimes have become increasingly violent as evidenced by his use of a firearm, and warranted an increased sentence. Barfield v. State, 594 So.2d 259, 261 (Fla. 1992). Thus, we affirm Moore's sentence on this count since in accordance with section 921.001, Florida Statues (1991), if one of the reasons for departure is valid, the departure sentence should be affirmed.
AFFIRM IN PART, REVERSE IN PART.
HERSEY, POLEN and STEVENSON, JJ., concur.