636 So.2d 1327 (1994)
Carlis LINDSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 79933.
Supreme Court of Florida.
April 28, 1994.
Rehearing Denied June 1, 1994.
Nancy A. Daniels, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Mary Leontakianakos, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Carlis Lindsey appeals his convictions of first-degree murder and sentences of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm both the convictions and sentences.
In January 1991 twenty-two-year old Lizziette Row began living with sixty-five-year-old Carlis Lindsey on an on-and-off basis. Row decided to leave Lindsey for good and, in the early morning of May 23, 1991, several people saw Row and her brother, John Steward, *1328 driving toward Lindsey's house with Lindsey following them in his car. At 7:20 a.m. Lindsey called the Lake City Police Department and said that he had awakened ten minutes before and found two dead bodies in his house. Row and Steward each died from a single gunshot blast to the head; Steward's shot came from within one to four feet and Row's from within inches of her face. Lindsey claimed total ignorance of the killings, but the jury convicted him of two counts of first-degree murder and recommended that he be sentenced to death, which the trial court did.
Lindsey gave Row a car, and, when it needed repairs, she left it at his house in April. She and her sister walked away from Lindsey's house, and two men who were also at the house drove after them and stopped on the street to talk with them. Lindsey followed in his car and, when the first car drove away from the women, drove his car onto the sidewalk to within several feet of them. Row's sister testified to this event, and Lindsey now argues that her testimony should not have been allowed into evidence.
After reviewing this record, we find that this point has not been preserved for review. The state proffered the sister's testimony and argued that evidence of other wrongs was admissible to prove motive, intent, and identity among other things. Lindsey argued that the prejudicial effect of the testimony outweighed its relevance. The court, however, found the testimony relevant and material and decided to admit it and instructed the jury on the limited use of such evidence. When the sister testified (some three witnesses after the proffer), Lindsey did not object specifically to her testimony about the car incident. As we have held before: "The contemporaneous objection rule applies to evidence about other crimes, and, even if `a prior motion in limine has been denied, the failure to object at the time collateral crime evidence is introduced waives the issue for appellate review.'" Lawrence v. State, 614 So.2d 1092, 1094 (Fla.), cert. denied, ___ U.S. ___, 114 S.Ct. 107, 126 L.Ed.2d 73 (1993) (quoting Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988)). Because Lindsey failed to object to this testimony when given, and on the ground now argued, he failed to preserve this issue for review.[*]
In a deposition one of Lindsey's neighbors, Willie Jenkins, stated that he heard two gunshots the morning of the murders. At trial, however, he testified that he heard only one shot and on cross-examination said that he was drunk at the deposition and said some things that were not true. On redirect examination, over objection, the state brought out that between the deposition and trial Jenkins heard people talking about how Lindsey would get even with people who told on him. Now, Lindsey argues that the court erred in allowing the state to question the witness about his change in testimony.
Counsel can question his or her own witness about inconsistent statements to reduce the harmful consequences of such inconsistent statements. Bell v. State, 491 So.2d 537 (Fla. 1986). Threats against a witness are not admissible to show a defendant's guilt, however, unless the state proves the defendant made the threats. Koon v. State, 513 So.2d 1253 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988). Here, on recross-examination Jenkins admitted that what he had heard was just gossip. The state did not prove that Lindsey threatened Jenkins, causing his changed testimony, and the court erred in allowing the state to question Jenkins about it. We see no possibility that this testimony affected the jury's verdict, however, and, therefore, the error in admitting it was harmless beyond a reasonable doubt.
The court allowed Row's sister to testify, over objection, to when Row planned to leave Lindsey. Now, Lindsey argues that the court erred in allowing testimony that Row intended to leave him. The defense did not object on the ground now argued, and this issue has not been preserved. Were it cognizable, we would find any error harmless beyond *1329 a reasonable doubt. See Downs v. State, 574 So.2d 1095 (Fla. 1991); Correll.
Lindsey also argues that the state did not prove premeditated murder and that the court erred in denying his motion for judgment of acquittal. We disagree. "Premeditation is a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act." Asay v. State, 580 So.2d 610, 612 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 265, 116 L.Ed.2d 218 (1991); Holton v. State, 573 So.2d 284 (Fla. 1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). The jury's verdict that the murders were premeditated is supported by competent substantial evidence, and we affirm Lindsey's convictions of first-degree murder.
As his final point on appeal, Lindsey argues that his death sentences are disproportionate punishment because these were "domestic" killings. The cases he relies on, however, are distinguishable because of the lack of aggravation and the presence of mitigation. Here, on the other hand, the trial court found for both murders that Lindsey had a prior conviction of second-degree murder and for Row's murder found the conviction for Steward's murder to be another violent felony and gave little weight to Lindsey's poor health as a nonstatutory mitigator. The record supports these findings, and, when compared with other cases of similar aggravation and lack of mitigation, we find Lindsey's death sentences proportionate. Cf. Porter v. State, 564 So.2d 1060 (Fla. 1990) (defendant killed his former girlfriend and her current boyfriend), cert. denied, 498 U.S. 1110, 111 S.Ct. 1024, 112 L.Ed.2d 1106 (1991); Lemon v. State, 456 So.2d 885 (Fla. 1984) (defendant killed his girlfriend, previous murder conviction), cert. denied, 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985); King v. State, 436 So.2d 50 (Fla. 1983) (same), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 163 (1984); Harvard v. State, 414 So.2d 1032 (Fla. 1982) (defendant killed ex-wife, previous violent felony in aggravation), cert. denied, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 979 (1983). Therefore, we affirm Lindsey's sentences of death as well as his convictions of first-degree murder.
It is so ordered.
GRIMES, C.J., and OVERTON, McDONALD, SHAW and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion.
KOGAN, Justice, dissenting.
Based on the record, I believe that the State did not meet its burden of proving premeditation beyond a reasonable doubt. Accordingly, I would reverse and remand with directions that Lindsey be resentenced for second degree murder.
NOTES
[*] Had a proper objection been made, we would find that the trial judge did not abuse his discretion in allowing this evidence for its limited purpose.