656 So.2d 268 (1995)
STATE of Florida, Appellant,
v.
Charles LEWEK, Appellee.
No. 94-2396.
District Court of Appeal of Florida, Fourth District.
June 21, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
Appellee Lewek was charged with two counts of manslaughter, two counts of vehicular homicide, and one count each of DUS [driving while license suspended] and possession of less than 20 grams of marijuana. All charges arose out of his running a red light and thus killing a woman and her child in February 1994.
Lewek moved to dismiss either the manslaughter or the vehicular homicide charges and to sever the DUS and marijuana possession charges. The trial court granted the motion to dismiss the vehicular homicide charges, finding that under the circumstances vehicular homicide was a lesser included offense of manslaughter. The court also severed the DUS and marijuana charges because they were unrelated to the manslaughter.
We reverse the dismissal of the vehicular homicide charges. The trial court's order cited State v. Chapman, 625 So.2d 838 (Fla. 1993), which said that DWI (subsequently DUI) manslaughter and vehicular homicide were two separate crimes and that neither was a lesser included offense of the other, but a single death could not support conviction of both DUI manslaughter and vehicular homicide. Thus the supreme court approved the vacation of a conviction for vehicular homicide where the defendant had also been convicted of DUI manslaughter.
Despite this clear rule saying that a defendant cannot be convicted of both manslaughter and vehicular homicide for a single death, there is no such rule saying that he cannot be charged with both crimes. In Collins v. State, 605 So.2d 568 (Fla. 5th DCA 1992), charges of DUI manslaughter and vehicular homicide were both submitted to the jury, which found the defendant guilty of DUI manslaughter and of vehicular homicide's *269 necessarily lesser included offense of reckless driving. The Fifth District applied the "one death/one conviction" rule without passing on the propriety of the state's having charged both offenses.
We reverse and remand for reinstatement of the vehicular homicide charges. We dismiss the state's appeal of the severance of Lewek's DUS and marijuana charges. An order severing charges is not one of the appealable orders enumerated in Florida Rule of Appellate Procedure 9.140(c)(1). Nor is it an appropriate subject for a petition for writ of certiorari.
REVERSED IN PART, DISMISSED IN PART, AND REMANDED.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.