661 So.2d 1305 (1995)
Michael DELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-288.
District Court of Appeal of Florida, Third District.
November 1, 1995.
Bennett H. Brummer, Public Defender, and Neil Rose, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellee.
Before HUBBART, GODERICH and GREEN, JJ.
GREEN, Judge.
Michael Dell appeals his first degree felony murder conviction and sentence after a jury trial. His sole contention on this appeal is that the trial court erred when it denied his request for an independent act jury instruction. We find that the evidence introduced at the trial below did not warrant such an instruction and affirm.
On June 20, 1993, Michael Dell, his brother Joseph and Gabriel Walker planned an armed robbery of a 7-Eleven store. Pursuant to their plan, the trio on that date walked to the 7-Eleven. Only Gabriel Walker was armed with a gun. When they went inside the store, Michael Dell picked up a bottle of soda and handed the male clerk behind the cash register a five dollar bill. When the clerk opened the cash register, Walker produced the gun and ordered the clerk to back away from the counter and to lie on the floor with his hands apart from his head. The *1306 male clerk complied and Michael and Joseph Dell proceeded to remove the money from the cash register which totalled roughly $70.00.
Walker and Joseph Dell then walked to the back of the store and ordered a female clerk at the store to lie on the ground. She too complied with their request. Michael Dell remained in the front of the store and stated that within the scope of a minute, he heard a shot ring out from the back of the store.[1] Walker and Joseph Dell then returned to the front of the store whereupon Walker threw the female clerk's car keys to Michael Dell and told him to go outside to start her car. Both Michael and Joseph Dell left the store and attempted to start the car, but were unsuccessful.
At this point, Michael Dell stated to police that he thought that Walker had also exited the store briefly and immediately returned inside again to where the male clerk was lying on the floor. Michael Dell said that he then heard another shot before Walker ran out of the store to join them for a second time. At this point, Walker also attempted to start the car but could not. Joseph Dell also briefly reentered the store to see where the male clerk was and immediately ran out of the store. All three of the individuals eventually fled on foot and divided the proceeds of the robbery.
At the charge conference, Michael Dell requested an independent act jury instruction. He argued that there was sufficient evidence from which the jury could find the murder of the male clerk to be a matter of personal vengeance on the part of Walker and not in furtherance of the robbery. The trial court denied the request and Michael Dell was convicted as charged.
"The doctrine of independent act arises from circumstances where, after participating in a common plan or design, one co-felon does not participate in acts, committed by another co-felon, which fall outside of, and are foreign to, the common design of the original collaboration." Ward v. State, 568 So.2d 452, 453 (Fla. 3d DCA 1990) (citing Parker v. State, 458 So.2d 750 (Fla. 1984), cert. denied 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985)). The thrust of this doctrine is to exonerate one defendant from acts committed outside of the original plan or design by a co-felon. Parker v. State, 458 So.2d at 752.
On the other hand, the Florida Supreme Court recently reaffirmed in Lovette v. State, 636 So.2d 1304 (Fla. 1994) that "[f]elons, however, are generally responsible for the acts of their co-felons. As perpetrators of an underlying felony, co-felons are principals in any homicide committed to further or prosecute the initial common criminal design." Id. at 1306 (citations omitted). This court has held that "[the defendant] was thus clearly liable for any acts, whether he knew of them ahead of time or not, committed by an accomplice in furtherance of that offense." Diaz v. State, 600 So.2d 529, 530 (Fla. 3d DCA), rev. denied, 613 So.2d 3 (Fla. 1992).
In support of his argument that the independent act instruction was required, Michael Dell relies primarily on the case of Rodriguez v. State, 571 So.2d 1356 (Fla. 2d DCA 1990). In that case, Rodriguez and a cofelon had planned the armed robbery of a service station and store. Pursuant to their plan, Rodriguez parked his car in the general vicinity of the site of the planned robbery and remained in the car while his cofelon went inside the station and store. Once inside, Rodriguez' cofelon confronted the clerk and demanded money. The clerk refused and the cofelon moved to the door as if he were leaving. Suddenly, the cofelon returned to the counter and without taking any money or property from the store, shot the clerk in the head and killed him. The cofelon then went back to Rodriguez' car and they left. It was undisputed at trial that Rodriguez could not see the shooting from where he was parked and did not know about it until sometime after the incident. The theory of the defense was that the murder was a spiteful act of the cofelon as an afterthought to the attempted robbery rather than an attempt to eliminate an eyewitness. Rodriguez at 1357. Under these facts, it was held *1307 that Rodriguez was entitled to an independent act jury instruction. See also Bryant v. State, 412 So.2d 347 (Fla. 1982) (where victim was alive when defendant left the scene and co-felon remained at scene with victim, there was evidence from which a jury could conclude that the defendant had withdrawn from the criminal enterprise before the sexual battery and death of the victim).
The relevant issue presented to us on this appeal is whether, as in Rodriguez, there was any evidence introduced at the trial below from which a jury could reasonably conclude that the murder of the male clerk was independent of and not in furtherance of the underlying felony of robbery. We conclude that there was not and for this reason, this case is factually distinguishable from Rodriguez. In this case, the male store clerk was shot and killed even though he fully complied with the demands made upon him by Walker. Hence, in this case, unlike Rodriguez, there was no evidence from which a jury might reasonably conclude that there was any personal animosity or ill will between Walker and the murdered clerk. Although Michael Dell may not have been physically present when Walker killed the male clerk, he was certainly present when Walker had earlier attempted to kill the female clerk in the store and there was no evidence to indicate that Michael Dell attempted to withdraw from or disavow the acts of Walker at that time; to the contrary, he attempted to assist Walker in effectuating their getaway in the victim's car. The evidence introduced below leads to but one conclusion  that Walker shot both clerks in an effort to eliminate the only eyewitnesses to the trio's felony.
Given all of these facts, we conclude that there was no evidence to support Michael Dell's contention that the murder of the male clerk was not committed in furtherance of the planned robbery. The trial court therefore correctly refused to give the independent act jury instruction.
Affirmed.
NOTES
[1] The female clerk was shot in the face and sustained severe injuries but she survived.