STEVENSON, Judge.
Appellant, Derek Kaufman, was tried by jury and convicted of first degree murder and conspiracy to commit first degree murder. We affirm the convictions and sentences and write only to address the trial court’s imposition of a departure sentence for the conspiracy conviction.
The trial court relied upon three separate grounds to support its imposition of an upward departure sentence for the conspiracy to commit first degree murder conviction: (1) appellant’s conviction of an unseoreable capital felony; (2) excessive brutality; and (3) an elaborate cover-up scheme. Because we find the first ground, the conviction of an unscoreable capital felony, sufficient to support the departure sentence, we need not address the remaining grounds. § 921.001(6), Fla. Stat. (1993)(‘When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.”); Moore v. State, 634 So.2d 214, 215 (Fla. 4th DCA 1994)(“If one of the reasons for departure is valid, the departure sentence should be affirmed.”).
On more than one occasion the Florida Supreme Court has held that a defendant’s *1215 conviction of an unscoreable capital felony is sufficient to justify an upward departure in sentencing. Bedford v. State, 589 So.2d 245 (Fla.1991), cert. denied, 503 U.S. 1009, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992); Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). Kaufman has suggested on appeal that the use of his unscoreable first degree murder conviction as a ground for departure violates double jeopardy principles. The argument is that since the sentence imposed for a conspiracy conviction looks to the act which the defendant conspired to commit, Kaufman’s act of murder has already been considered in determining the appropriate sentence for the conspiracy conviction. § 777.04(4)(e), Fla. Stat. (1993). We reject this position. The presumptive sentence for a conspiracy conviction does not take into account whether the act was completed. First degree murder and conspiracy to commit first degree murder are two separate offenses. § 777.04(3), Fla. Stat. (1993); § 782.04(l)(a)l, Fla. Stat. (1993). Kaufman’s sentence for first degree murder punishes the physical acts that caused the death of Bobby Kent while his sentence for conspiracy to commit first degree murder punishes the planning and agreement with his co-conspirators to effectuate Kent’s death.
AFFIRMED.
DELL, J., and COSTELLO, DEDEE S., Associate Judge, concur.