730 So.2d 312 (1999)
STATE of Florida, Petitioner,
v.
Herman SHAW and Jonathan Lacue, Respondents.
Nos. 98-3282, 98-4302.
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
*313 Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for petitioner.
Gene Reibman, Fort Lauderdale, for respondent Herman Shaw.
John G. George of John G., P.A., Fort Lauderdale, for respondent Jonathan Lacue.
KLEIN, J.
The trial court granted motions in limine excluding evidence of an attempted robbery of a Subway shop, which occurred about one-half hour prior to the crimes with which respondents are charged, first-degree murder and robbery of a taxi driver. The state seeks review by separate petitions for writ of certiorari, which we consolidate.
Both defendants made post-arrest statements incriminating each other, and each of those statements referred to the prior attempted robbery of the Subway shop. Because that robbery failed, and respondents needed money, they decided to rob a taxi driver and carried out that robbery in which the taxi driver died from a gun shot wound.
Apparently respondent Lacue had been in the taxi and respondent Shaw followed behind in a car. The state argues that the evidence of the Subway incident is necessary in order to prove respondents' motive and intent to engage in the robbery of the taxi driver. The evidence is admissible, according to the state, because the facts of the Subway incident were "inextricably intertwined" with the subsequent murder of the taxi driver. Griffin v. State, 639 So.2d 966, 969 (Fla.1994).
The state seeks review pursuant to State v. Pettis, 520 So.2d 250 (Fla.1988), in which the Florida Supreme Court held that the state may seek certiorari review of non-final pretrial orders in criminal cases, where the state's ability to present its case is significantly impaired without the evidence which is the subject of the order. In order for the appellate court to review such an order, the order must constitute a departure from the essential requirements of law.
In State v. Cohens, 701 So.2d 362, 364 (Fla. 2d DCA 1997), under practically identical facts, the second district granted certiorari review and concluded that the trial court had erred in excluding the evidence of an attempted robbery occurring about one-half hour prior to the robbery with which the defendant was charged. The court held that the evidence was admissible in order to show the motive and intent of the defendants. We agree with that decision and thus conclude that the evidence of the attempted subway robbery is admissible here. See also Hunter v. State, 660 So.2d 244 (Fla.1995). We therefore grant certiorari and remand with instructions to admit the disputed evidence.
GUNTHER and HAZOURI, JJ., concur.