PETERSON, J.
The State of Florida seeks certiora-ri review of an order severing a two count information for purposes of trial and an order excluding evidence of the facts surrounding the commission of the first count from the trial of the second count. We grant the state’s petition of the order excluding evidence only.[1]
Rau is charged with two counts of acquiring a controlled substance by fraud. The information alleges that he had a prescription for a controlled substance filled at a drugstore while identifying himself as Robert Wheatley and supplying the druggist with a phone number. Approximately 10 days later, Rau went to the same drug store to have another prescription filled for drugs prescribed for a Charlotte Kastter. That prescription as well as the earlier one bore the same prescribing doctor’s name. The same phone number was supplied to the same druggist on both occasions. The druggist who recognized Rau from the first visit became suspicious when Rau denied knowing Robert Wheatley, the name supplied with the phone number on the earlier visit. The druggist then called the prescribing physician and learned that both prescriptions had been stolen. That information led to Rau’s arrest.
Rau moved to exclude evidence of the first incident from the trial of the second incident. The trial court granted the motion and the state appealed.
We grant the state’s petition and issue the writ. The facts surrounding the first crime are inseparable from the second crime. It was the druggist’s familiarity with the facts surrounding the first incident that caused the druggist’s suspicion. Facts surrounding the first incident need to be conveyed to the finder of fact in order to explain the circumstances leading to Rau’s arrest after the second incident. The evidence of the earlier incident, just 10 days prior to Rau’s arrest is relevant to establish the entire context out of which the criminal action occurred. It is the common elements of the crimes that determine relevance. Indeed, the crimes were nearly identical: the same defendant, drugstore, modus operands druggist, and the same prescribing physician. See State v. Shaw, 730 So.2d 312 (Fla. 4th DCA 1999), rev. denied, 744 So.2d 456 (Fla.1999); State v. Cohens, 701 So.2d 362 (Fla. 2d DCA 1997); State v. Perez, 672 So.2d 884 (Fla. 3d DCA 1996).
The order suppressing evidence of the first incident in the trial of the second incident is vacated and we remand for further proceedings.
PETITION GRANTED; WRIT ISSUED; REMANDED.
W. SHARP and HARRIS, JJ., concur.

. We deny certiorari review of the pretrial order severing the two counts. An interlocutory order of this nature is not enumerated in Florida Rules of Appellate Procedure 9.140(c)(1) as an appealable order, nor is it an appropriate subject for a petition for certiora-ri. See State v. Lewek, 656 So.2d 268 (Fla. 4th DCA 1995).