804 So.2d 551 (2002)
Willie JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2468.
District Court of Appeal of Florida, Third District.
January 16, 2002.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and M. Rebecca Springer, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SHEVIN, JJ.
COPE, J.
Willie Jones appeals his conviction for first degree murder and other offenses. We affirm.
Defendant-appellant Jones first contends that the trial court erred by denying his motion to suppress his confession. Police officers arrested defendant without a warrant in his home. He contends that the arrest was illegal under Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and that his confession *552 should be suppressed as the fruit of the unlawful arrest.
When the arresting officers arrived at defendant's home, the defendant's girlfriend (who also lived there) answered the door. The trial court found that the girlfriend consented to the police officers' entry into the home, and the ruling is supported by competent substantial evidence.[1]
Second, defendant contends that the trial court erred by denying his request for an independent act instruction. The crimes at issue here were committed during an armed robbery of a food store. The perpetrators took money from the cash register and the employees. When they were about to leave, the owner said, "Now that you have everything, get the hell out of here." Two of the three robbers shot the owner and he eventually died. The State's evidence was that the defendant was one of the shooters. In his confession, the defendant denied being present but admitted planning the armed robbery.
Defendant contends that he was entitled to an independent act instruction. See Dell v. State, 661 So.2d 1305, 1306 (Fla. 3d DCA 1995). Under defendant's version of events set forth in his confession, he was not present during the robbery. He contends that the shooting of the owner should be seen as a retaliatory act unconnected with the robbery, because it occurred after the robbers already had completed taking the money from the victims. We disagree with the defendant's argument.
The Florida Supreme Court has said, "It is true that an act in which a defendant does not participate and which is `outside of and foreign to, the common design' of the original felonious collaboration may not be used to implicate the non-participant in the act." Parker v. State, 458 So.2d 750, 752 (Fla.1984) (citation omitted). In ruling that Parker was not entitled to an independent act instruction, the court pointed out that Parker had "created the initial situation by threatening to kill [the victim] if he did not reimburse Parker for drugs"; "was on the scene and was still demanding repayment when [one of the three victims] was murdered"; and "[t]he murder was a natural and foreseeable culmination of the motivations for the original kidnapping." Id. at 752-53. The original kidnapping was done to coerce the payment of a drug debt. Id. at 752.
Similarly in the present case, the defendant by his confession admitted planning the armed robbery. After the robbers took the money, the owner said, "Now that you have everything, get the hell out of here." This amounted to verbal resistance on the part of one of the victims. A killing in the face of either verbal or physical resistance by a victim is properly viewed as being within the original criminal design. See id.; see also Lovette v. State, 636 So.2d 1304, 1306-07 (Fla.1994); Perez v. State, 711 So.2d 1215, 1217 (Fla. 3d DCA 1998); Diaz v. State, 600 So.2d 529, 529-30 (Fla. 3d DCA 1992).
Defendant relies on Rodriguez v. State, 571 So.2d 1356 (Fla. 2d DCA 1990). In that case Ballester entered a service station to commit an armed robbery while the defendant Rodriguez was outside waiting in the getaway car. The gas station attendant refused to turn over any money. Ballester walked to the door, waited several seconds at the door, and then returned and shot the gas station attendant execution-style. Ballester left without taking anything. Since Ballester took nothing, the court ruled this created an issue regarding whether Ballester acted in furtherance *553 of the plan to rob the premises or acted independently of that plan.
We have doubts about the correctness of Rodriguez but need not address that issue now. Rodriguez is factually distinguishable from the case now before us. In Rodriguez the shooter took nothing. In the present case the perpetrators did what they set out to dostole moneyand shot the victim as they were leaving. Those acts were in furtherance of the plan and "a natural and foreseeable culmination...." Parker, 458 So.2d at 753.
As his final issue, the defendant contends that he is entitled to be resentenced on the aggravated battery and armed robbery counts on account of the invalidation of the 1995 sentencing guidelines in Heggs v. State, 759 So.2d 620 (Fla.2000). We disagree.
The principal offense at conviction was first degree murder, which is an unscorable offense. This is a valid reason for sentencing departure and the trial court so stated. See Benedith v. State, 717 So.2d 472, 475 n. 3 (Fla.1998); Kaufman v. State, 696 So.2d 1214, 1214-15 (Fla. 4th DCA 1997). The validity of this departure reason has not been attacked on this appeal.
On the aggravated battery count and the armed robbery counts, the trial court sentenced the defendant to the legal maximum. The sentences were imposed consecutively to the first degree murder count, but concurrently with each other. Since these were departure sentences, the guidelines are entirely irrelevant. The invalidation of the 1995 sentencing guidelines has no bearing on the sentences imposed, and the defendant is not entitled to a resentencing.
Affirmed.
NOTES
[1] Assuming for purposes of discussion that there was not a proper consent, denial of the motion to suppress the confession would still be correct under State v. Thomas, 405 So.2d 462 (Fla. 3d DCA 1981).