824 So.2d 265 (2002)
Herman SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3623.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
*266 Barbara Brush of Barbara Brush, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
*267 WARNER, J.
Appealing his convictions for first degree murder and armed robbery, appellant argues that the trial court erred in admitting evidence of collateral crimes, in failing to give an "independent act" instruction, and in failing to grant his motion for judgment of acquittal on the grounds that there was no evidence linking him to the armed robbery nor any evidence of his intent to participate. We affirm on all issues.
On the evening of November 24, 1996, appellant was driving around when he spotted his friend Lacue and agreed to take him to find someone who owed him money. When that person did not have Lacue's money, appellant and Lacue continued driving around, during which Lacue showed appellant he had a gun. At some point, they also discussed taking Lacue to get drugs in order to sell them and make money.
Lacue eventually decided that they should rob a Subway due to its lack of security cameras. Lacue gave appellant money and instructed him to walk inside and buy a sandwich; appellant complied. A few minutes later, Lacue walked in, pointed his gun at the Subway employee, and requested money. When the employee ran in the back, appellant and Lacue ran out of the store.
Still needing money and looking for someone to rob, Lacue advised appellant that he planned to call a taxi, get inside, and rob the driver. Appellant responded, "I'm not with that. I'm not fixing to get in no car with nobody, you know, with no cab driver.... I just follow you." They stopped at a 7-Eleven, where Lacue used a pay phone to call a taxi. The taxi arrived and Lacue got in. Although appellant followed, he eventually lost the taxi. In a taped statement to the police, appellant said that he and Lacue never discussed what would happen after the robbery; appellant simply understood that he would pick up Lacue and take him wherever he wanted to go. However, according to the interrogating officer, before the taping began, appellant said that he and Lacue already had a planned area where the robbery would occur and where appellant would meet Lacue thereafter.
As appellant looked for Lacue, he finally found him near his residence. Lacue told appellant that when he pulled the gun, the taxi driver started acting crazy and refused to give him the money. When the driver reached at his pants, Lacue shot him in the chest. As Lacue fled, he took the taxi driver's cellular phone. Lacue injured his hand during the incident, so they went to appellant's house for Lacue to clean up. Upon arriving, appellant took the gun out of the car and brought it inside. Noticing that the gun was jammed, appellant tried to fix it, but it just broke into pieces. Appellant then took Lacue to his girlfriend's house. Returning home, appellant told his girlfriend what happened that night, and she implored him over the following days to call the police and get the gun out of their house. Appellant eventually gave the gun back to Lacue, who threw it in a canal.
After his arrest, appellant took the police to the canal where Lacue said he threw the gun. A police diver found multiple pieces of a firearm and a mask. A firearms expert analyzed the firearm, a casing found at the scene, and a bullet removed from the victim's body by the medical examiner. He opined that the lethal bullet was fired from the firearm found in the canal.
Appellant and Lacue were charged with first degree murder and armed robbery. Their cases were severed. After the state presented its case at trial, appellant moved *268 for a judgment of acquittal, asserting that the state failed to prove he aided and abetted Lacue's armed robbery of the taxi driver. He claimed he only drove the vehicle and that they neither planned nor discussed sharing proceeds. The court denied the motion.
Before closing arguments, appellant requested that the court give the standard independent act jury instruction. The state countered that it was inappropriate because this case did not involve "another unrelated or unconceived crime." The court denied the requested instruction.
During closing argument, in response to appellant's position that he did not assist Lacue in committing the charged crimes, the prosecutor argued that their attempts to find drugs and rob Subway were part of a continuous series of events to get Lacue money that ultimately resulted in the charged armed robbery and murder.
The jury found appellant guilty as charged of first degree murder and armed robbery. The court adjudicated him guilty and sentenced him to life in prison for the murder and a concurrent 237.75 months for the robbery, with credit for time served.

I. Issues Relating to Collateral Crime Evidence
Appellant contends that references to Lacue's drug activity were not relevant to any issue in the case and that evidence of the Subway robbery was unduly prejudicial. Both issues were the subject of pretrial motions.
As to the references to drug activity, a motion in limine was filed in the case. The state correctly asserts that appellant failed to preserve this issue. Although he moved in limine to exclude the evidence, he never objected on that ground when the evidence was admitted at trial. "The contemporaneous objection rule applies to evidence about other crimes, and, even if `a prior motion in limine has been denied, the failure to object at the time collateral crime evidence is introduced waives the issue for appellate review.'" Lawrence v. State, 614 So.2d 1092, 1094 (Fla.1993) (quoting Correll v. State, 523 So.2d 562, 566 (Fla.1988)). In addition, the contemporaneous objection must assert the same ground urged on appeal. See Lindsey v. State, 636 So.2d 1327, 1328 (Fla.1994). This is to give the court the opportunity to correct the error. In this case, the trial court did not have an opportunity to reconsider its ruling in the context of the trial, and this court cannot ascertain whether, after hearing the evidence, appellant decided that he did not want to oppose admitting the evidence. Thus, this issue is not preserved for appellate review.
The Subway robbery incident also was the subject of a pretrial motion in limine, which the trial court granted. However, the state petitioned for certiorari review, which this court granted and ordered the trial court to admit the evidence. See State v. Shaw, 730 So.2d 312, 313 (Fla. 4th DCA 1999). We agree with the state that our opinion is the law of the case, see generally State v. Owen, 696 So.2d 715, 720 (Fla.1997) (explaining the law of the case doctrine), and decline appellant's suggestion to reconsider that ruling. Even if we were so inclined, the attempted Subway robbery was admitted to show appellant's participation with Lacue in the robbery and appellant's motive and intent to commit the later robbery. These were permissible purposes for its introduction in the state's case. As we stated in Shaw, this case is on all fours with State v. Cohens, 701 So.2d 362 (Fla. 2d DCA 1997). There was no error in admitting the testimony.

*269 II. Trial Court's Refusal to Give Independent Act Instruction
Appellant requested a standard independent act instruction, 3.04(h), contending the facts supported the conclusion that Lacue's actions were outside of any common design or unlawful act appellant may have contemplated. We agree with the state that the evidence did not support appellant's theory. Therefore, the court did not abuse its discretion in refusing the requested instruction. See Campbell v. State, 812 So.2d 540, 543 (Fla. 4th DCA 2002) (Decision "to give or withhold a proposed jury instruction is reviewed under an abuse of discretion standard.").
Appellant was tried on a felony murder theory and he defended the charge by asserting that he never planned or intended for Lacue to shoot the taxi driver. The standard independent act jury instruction, 3.04(h), requested by appellant, provides:
If you find that the crime alleged was committed, an issue in this case is whether the crime of (crime alleged) was an independent act of a person other than the defendant. An independent act occurs when a person other than the defendant commits or attempts to commit a crime.
Elements
1. which the defendant did not intend to occur, and
2. in which the defendant did not participate, and
3. which was outside of and not a reasonably foreseeable consequence of the common design or unlawful act contemplated by the defendant. If you find the defendant was not present when the crime of (crime alleged) occurred, that does not, in and of itself, establish that the (crime alleged) was an independent act of another. If you find that the (crime alleged) was an independent act of [another] [(name of individual)], then you should find (defendant) not guilty of the crime of (crime alleged).
In re Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 96 (Fla.1997).
"While a defendant is entitled to have the jury instructed on the law applicable to his theory of defense, an instruction is not necessary where there is no evidence to support it." Ray v. State, 755 So.2d 604, 608 (Fla.2000). Thus, "[w]here there is record evidence that the murder was independent of (and not in furtherance of) the underlying felony of robbery, the codefendant will be entitled to an `independent act' jury instruction. However, as recognized in Dell [v. State, 661 So.2d 1305 (Fla. 3rd DCA 1995)], where no such evidence exists, he will not." Beasley v. State, 774 So.2d 649, 662-63 n. 10 (Fla. 2000).
Appellant initially argues that he did not conspire with Lacue to rob the taxi driver, expressly telling Lacue that he would not participate. However, as the state correctly notes, there was no evidence in this case that appellant expressly declined to participate in the taxi robbery. Although he said he would not physically get in the taxi with Lacue, appellant did advise Lacue that he would follow and help Lacue escape. Thus, the record does not support appellant's contention that he expressly refused to participate in the taxi robbery.
Appellant next argues that he did not physically participate in the taxi robbery and never intended for the driver to be killed. Therefore, Lacue's act was not contemplated by appellant and beyond the scope of the original collaboration. An independent acts instruction is appropriate where the evidence demonstrates that the co-defendant's subsequent crime is unrelated to and independent from the original plan. See, e.g., Bryant v. State, 412 So.2d *270 347, 349-50 (Fla.1982) (murder arising from sexual battery unconnected with planned robbery); McGee v. State, 792 So.2d 624, 627 (Fla. 4th DCA 2001) (murder arising from armed robbery not part of plan to buy drugs unarmed); Barfield v. State, 762 So.2d 564, 567 (Fla. 5th DCA 2000) (armed robbery of store not part of original plan to steal ATM machine outside store); Rodriguez v. State, 571 So.2d 1356, 1357 (Fla. 2d DCA 1990) (spiteful murdering of victim as an afterthought of planned armed robbery). On the other hand, an independent act instruction is not appropriate where the evidence demonstrates that a co-defendant's subsequent crime is intrinsically related to and arises from the defendants' originally planned crime. See, e.g., Ray, 755 So.2d at 609 (murder occurring as a result of escaping from planned armed robbery); Jones v. State, 804 So.2d 551, 552 (Fla. 3d DCA 2002) (murder arising from victim's resistance of planned armed robbery); Dell, 661 So.2d at 1307 (Fla. 3d DCA 1995) (murder designed to eliminate witnesses of planned armed robbery).
In this case, appellant admitted that he agreed to participate in the planned armed robbery to the extent that he would provide the getaway car. The evidence demonstrated that Lacue shot the taxi driver because he resisted the robbery and appeared to be reaching for something in his pants. Therefore, the murder arose from, and was intrinsically related to, the planned armed robbery. See Jones, 804 So.2d at 552. It was not the product of spite or an afterthought. The trial court did not abuse its discretion in refusing to give the independent act instruction.

III. Denial of Judgment of Acquittal
In arguing that the trial court should have granted his motion for judgment of acquittal, appellant contends there was no evidence linking him to the armed robbery of the taxi driver, nor any evidence of his intent to participate. However, he overlooks his off-tape statements, testified to by the detective, that he and Lacue planned for Lacue to rob a taxi driver and for appellant to help Lacue escape. Moreover, in the taped interview, appellant said he refused to get into the cab but told Lacue that he would follow. Indeed, after losing the cab, appellant actively looked for Lacue.
The state proceeded on an aider and abettor theory that appellant was a principal to Lacue's crimes.
To secure a conviction on an aider and abettor theory, the state must establish (1) that the defendant helped the person who actually committed the crime by doing or saying something that caused, encouraged, incited or otherwise assisted that person to commit the crime; and (2) that the defendant intended to participate in the crime.
Swanson v. State, 713 So.2d 1097, 1099-1100 (Fla. 4th DCA 1998). Aiding and abetting may be proven by circumstantial evidence. See Parker v. State, 795 So.2d 1096, 1099 (Fla. 4th DCA 2001). The state's evidence showed that appellant had prior knowledge of Lacue's plan and agreed to transport Lacue to the point where he was picked up by the cab driver and to provide his escape transportation. This is sufficient to overcome a judgment of acquittal. See Staten v. State, 519 So.2d 622, 624 (Fla.1988).
For these reasons, we affirm appellant's conviction and sentence.
STEVENSON and HAZOURI, JJ., concur.