WINOKUR, J.,
concurring.
I fully agree with the majority opinion, both in its approach to analyzing the double-jeopardy issue as well as its conclusion here. However, I also see a more fundamental issue with Lee’s position that the majority opinion does not address: neither the protection against double jeopardy, nor the requirements of section ¡ 775.021(4), Florida Statutes, entitled Lee to pretrial dismissal of any charges based upon a claim that multiple charges violated his protections against multiple punishment. Lee’s motion to dismiss could have been denied on this basis alone.
As the majority opinion notes, “[t]he guarantee against double jeopardy consists of three separate constitutional protections: ‘It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.’ ” Lippman v. State, 633 So.2d 1061, 1064 (Fla. 1994) (citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). This case involves the protection against “multiple punishments for the same offense.”
In ■ a case involving the protection against successive prosecution, the defendant’s double-jeopardy rights are violated when the government files a successive criminal charge. See Dell’Orfano v. State, 616 So.2d 33, 36 (Fla. 1993) (holding that “a double jeopardy violation will be presumed when the State attempts a successive prosecution” under specific circumstances). As such, dismissal of the successive charge is the appropriate rem- ' edy for a successive-prosecution violation. Fla. R. Crim. P. 3.190(b) (defenses of “former acquittal” and “former jeopardy” may be made by motion to dismiss the indictment or information).
However, in the multiple punishment context, it is the punishment that implicates the protection against double jeopardy, not the criminal charges alone. Simply charging and trying a defendant on multiple charges for the same crime does not violate double jeopardy. For this reason, a pretrial dismissal of charges was not an appropriate remedy in this case, regardless of whether the counts .violated the multiple-punishment aspect of double jeopardy.
The United States Supreme Court made this rule clear in Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). Johnson was charged with murder, involuntary manslaughter, aggravated robbery, and grand theft, and entered a guilty plea to involuntary manslaughter and grand theft. Because these crimes were lesser-included offenses of the remaining crimes (murder and robbery, respectively), the state court granted the defendant’s motion to dismiss the remaining counts, on the ground that continuing the prosecution would constitute a double-jeopardy violation. Johnson at 494-96, 104 S.Ct. 2536. The ■ Supreme Court disagreed, holding that “multiple punishments” protections are not implicated merely because the defendant is put on trial for -two offenses when one offense is subsumed by the other. Id. at 499-500, 104 S.Ct. 2536. “While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple *362 offenses in a single prosecution.” Id.[10]
We applied the Johnson rule in State v. Sholl, 18 So.3d 1158 (Fla. 1st DCA 2009). Sholl claimed that the charge of transmitting material harmful to a minor violated the prohibition against double jeopardy because it contained the same elements as a separate charge of lewd and lascivious exhibition. We ruled that the defendant was not entitled to pretrial dismissal of any charges;
[T]he trial court should not have considered Sholl’s double jeopardy claim until sentencing. When an information contains two or more charges which amount to the same offense, “[djouble jeopardy concerns require only that the trial judge filter out multiple punishments at the end of the trial, not at the beginning.” Claps v. State, 971 So.2d 131, 134 (Fla. 2d DCA 2007). To this end, double jeopardy protections may not be extended to an earlier stage of the proceeding, such as the filing of the information or jury selection. Id. Otherwise, the trial court would be “usurping] the State’s discretion to make strategic decisions about charging alleged criminal activity,” Id. at 134-35,
Sholl, 18 So.3d at 1162. The Sholl court concluded that the double jeopardy argument was “premature and an improper basis for dismissal,” Id. (footnote omitted). See also State v. Lewek, 656 So.2d 268 (Fla. 4th DCA 1995) (“Despite this clear rule saying that a defendant cannot be convicted of both manslaughter and vehicular homicide for a single death, there is no such rule saying that he cannot be charged with both crimes,”) (emphasis in original).[11]
Johnson and Sholl apply here. Lee moved to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190, on essentially the same ground as the defendant in Sholl. But even if some of the charges against Lee had been subsumed by other charges, he would not have been entitled to dismissal of the charges.[12]
*363 This is not an academic distinction where the motion to dismiss is simply “premature,” as we characterized it in Sholl. The dissenting opinions .here conclude that Lee made a prima, facie showing of a double-jeopardy violation by alleging in his motion to dismiss that some of his charges were subsumed by other charges, which shifted the burden to the State to demonstrate that the three counts did not violate double jeopardy. However, under Johnson and Sholl, the motion to dismiss was improper, so it could not have shifted the burden to the State to disprove a double-jeopardy violation.[13]
Judge Makar’s dissenting opinion argues ■that Lee was entitled to “have his double jeopardy concerns addressed- at some point,” even if he was not entitled to pretrial dismissal, and that Sholl “doesn’t mean trial judges must put their heads in the sand from the start until the end of trial, ignoring obvious double jeopardy problems raised pre-trial.” op. at 374-75.1 support a policy against judicial head-in-the-sand putting. But what Lee actually asked of the trial court was to “dismiss the charging instrument against him,” based on the claim that the information itself violated his double-jeopardy rights. This remedy was foreclosed by Sholl, and the trial court correctly denied it. I see no way that the trial court can “presume” a double-jeopardy violation pretrial, shifting the burden to the State to disprove it, unless the remedy for the State’s failure to disprove it is dismissal of charges. And because pretrial dismissal of charges is not an appropriate remedy for a multiple punishment violation, this proposal cannot work.
In summary, a defendant claiming a multiple-punishment violation under either the Double Jeopardy Clause or section 775.021(4) is not entitled to pretrial dismissal of any counts of the information or indictment. With this observation, I concur fully in the majority opinion.
B.L. THOMAS and OSTERHAUS, JJ., join.

. "Multiple punishment'' does not necessarily mean "multiple sentences,” The Florida Supreme Court has ruled the "multiple punishment” prohibition is implicated by "multiple convictions and punishments for the same offense.” Gordon v. State, 780 So.2d 17, 19 (Fla. 2001) (emphasis supplied), receded on other grounds’ by Valdes v. State, 3 So.3d 1067 (Fla. 2009).

.' Note that the issue here is not the allowable "unit of prosecution.” See State v. Rubio, 967 So.2d 768 (Fla. 2007) (determining whether split-fee patient brokering statute permitted a single charge based on the fee-splitting agreement, or separate charges for every individual instance of fee-splitting); Allen v. State, 82 So.3d 118 (Fla. 4th DCA 2012) (determining whether the crime of transmission of images harmful to minors permits only a single count for one transmission, or separate counts for each image transmitted). A "unit of prosecution” issue addresses whether the Legislature intended a single ’ charge for criminal conduct, or multiple charges for individual acts within the criminal conduct, This issue obviously entails the propriety of the charges themselves, so pretrial dismissal of excess charges would be the appropriate remedy. However, to the extent that excess counts violate the multiple-punishment aspect of double jeopardy, relief for the double-jeopardy violation is not available until multiple convictions are imposed.

.Section 775.021(4) provides the statutory method for determining whether multiple punishments violate double jeopardy. See e.g., State v. Shelley, 176 So.3d 914, 917-18 (Fla. 2015) ("[Ajbscnt an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the Blockburger[ v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932),] ‘same-elements’ test pursuant to section 775.021(4), Florida Statutes[,] is the sole method of determining whether multiple punishments- are double-jeopardy violations.”) (quoting Gaber v. State, 684 So.2d 189, 192 (Fla. 1996)). Moreover, section 775.021(4) speaks in terms of "conviction,” "adjudication of guilt,” and *363 "sentence.” Accordingly, like the constitutional protection against multiple punishments for the same crime, section 775.021(4) does not provide for pretrial dismissal of counts as a remedy.

. Some cases discussed in the other opinions seem to suggest that a defendant must file a pretrial motion to dismiss charges in order to "preserve” a double-jeopardy challenge based on multiple punishments. See Mahar v. State, 190 So.3d 1123 (Fla. 2d DCA 2016); Fravel v. State, 188 So.3d 969 (Fla. 4th DCA 2016). Because a defendant is not entitled to pretrial dismissal of charges in this circumstance, a motion to dismiss is not necessary to preserve this issue. Neither of these cases based its ruling on this alleged lack of preservation.