PER CURIAM.
Taylor appeals from a conviction for the offense of robbery with a firearm, contending that the lower court erred in failing to give Standard Jury Instruction 2.04(b), pertaining to accomplices. We affirm.
The person whom the defense claims was an accomplice was in fact the chief prosecuting witness who placed the defendant at the scene of the robbery, but himself denied any involvement. Nevertheless, the witness was seen fleeing the getaway car, along with three other persons, shortly following the robbery with a firearm in his possession. Two of the four were then wearing blue coats. The evidence moreover revealed that the witness was arrested, charged with attempted murder, robbery, theft, and possession of a firearm. It reflected that in exchange for his testimony implicating appellant, he would face only the firearm charge with a possible sentence of no more than five years.
Under the circumstances, we consider that there was sufficient evidence on which to base the instruction. Refusal of such a charge would be prejudicial if a key part of the case is founded on the accomplice’s testimony. See 15 Fla.Jur.2d Criminal Law § 802 nn. 89-90 (1979). Nevertheless, we believe that the dictates of Section 59.041, Florida Statutes (1979), pertaining to harmless error are entirely applicable to the instant case.
Although appellant was not identified by the cashier at the convenience store which was robbed, he nevertheless admitted that he had been inside the car at the time of the robbery, had loaned his blue coat to another man, but denied that he had gone into the store, or had participated in the robbery. The jury, moreover, could easily have inferred that Taylor was one of the two men seen running from the car in blue coats, in that at the time of his apprehension the next morning, he was wearing a blue jacket. Additionally, the circumstantial evidence relating to his flight from the car is further bolstered by his disclosure that he had spent the entire evening following the robbery hiding on the roof of a nursing home. Finally, the jury could have also found that the witness was-himself an accomplice because it was completely apprised of the details of the plea bargain agreement.
AFFIRMED.
MILLS and ERVIN, JJ., and PEARSON, TILLMAN (Retired), Associate Judge, concur.