SCHWARTZ, Chief Judge.
Adams was convicted of strong arm robbery. At the trial, the investigating officer was prepared to testify that, when arrested, the defendant made the following statement:
*565 “I know you guys have been looking for me, but when that happened, I was in Broward Sheriff’s Department reference a strong armed robbery.”
While the prosecutor offered to delete the “Broward Sheriffs Department-robbery” portion of the admission and replace it with “somewhere else,” the Assistant Public Defender, Mr. Frost, declined to do so, apparently for the express purpose of attempting to secure a reversal on appeal. Accordingly, the statement was related to the jury just as Adams had given it. Notwithstanding that counsel also declined a curative instruction, the trial judge, as he was duty-bound to do, Coleman v. State, 420 So.2d 354 (Fla. 5th DCA 1982), commendably gave one anyway.[1]
The sole point on appeal complains about the curative instruction, contending (a) that it was ineffective to cure the harm created by the statement and (b) that it overemphasized the adverse portion of the statement itself and was otherwise improper. We summarily reject these arguments which are unworthy even of being presented to us. Since the entire matter would have been obviated if the defense had agreed to delete the offending phrase, there can be no more classic example of the doctrine that one is precluded from claiming error which he has explicitly invited.[2] 3 Fla.Jur.2d Appellate Review § 294 (1978); see State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980).
Affirmed.

. Ladies and gentlemen of the jury, prior to our going to lunch, there was the testimony of the police officer on the stand, and the police officer testified that a statement had been made to him by the Defendant.
Now, as part of that statement, the Defendant was alleged to have said where he was at a certain time, and there was a mention made of a different police authority involved.
Now, what I would like you to do, if it’s at all possible — it is totally unimportant as to the other place or time that is referred to. That statement was only introduced and it will be up to you to determine what that statement— if it was ever made and what it means.
But, the fact that another police authority was mentioned in that statement — we can’t change statements; we can’t change them to suit ourselves or anything like that — that has nothing to do with the case, absolutely nothing to do with it.
In fact, I personally do not know of any other situation that could be brought to your attention about any other case, and I know a lot more about this case than you do.
So, please, if you possibly can, I would appreciate it if you could ignore the fact of what else was said other than that statement.

. We find no defect in the content of the curative instruction itself.