PER CURIAM.
Appellant and two others not involved in this appeal were charged by information with one count of first degree murder and one count of kidnapping. Appellant stood mute to the charges and the court entered a plea of not guilty for her.
*686 During the trial, James Meyers testified as a witness for the state.[1] Counsel for appellant cross-examined Meyers, attempting, unsuccessfully, to elicit incriminating statements Meyers had made to Cleveland Dixon, who was Meyers’ cellmate after his arrest for this murder and kidnapping. After the state rested, appellant also rested, without presenting any evidence or testimony. A motion for judgment of acquittal was granted by the court solely on the kidnapping charge.
In his closing argument, the prosecuting attorney stated, inter alia :
The judge is going to tell you have to decide this case on the evidence, on the testimony that you heard. [Defendant’s attorney] comes up here and he throws these things in your face. Cleveland Dixon, what was Cleveland Dixon told? Who is Cleveland Dixon? Did you hear from Cleveland Dixon? If this Cleveland Dixon had anything relevant to hear from in this case—
There was an objection which the court sustained with an instruction to the jury: “Ladies and gentlemen, you will ignore the comment made by [the prosecuting attorney] concerning Mr. Dixon. You should ignore that comment completely.” The court denied appellant’s motion for a mistrial based on the prosecutor’s comments having misled the jury into believing appellant had a duty to present evidence or witnesses, in violation of her exercise of her fifth amendment rights.
The jury returned a verdict of guilty of the lesser included offense of second degree murder. The court so adjudicated appellant and imposed sentence. Appellant’s motion for a new trial was denied.
The issue on appeal is whether the trial court erred in denying the motion for a mistrial based on the prosecutor’s closing argument comments concerning appellant’s failure to call a witness, which comments, it is argued, may have led the jury to believe appellant had the burden of proving her innocence.
Having carefully reviewed the record and briefs on appeal, we find that no reversible error has been made to appear. The referred to prosecutorial comments were responsive to an issue injected into the trial by defense counsel’s cross-examination of the state witness regarding his prior inculpatory statements, see Pena v. State, 432 So.2d 715 (Fla. 3d DCA 1983); Shapiro v. State, 345 So.2d 361 (Fla. 3d DCA), cert. denied, 353 So.2d 678 (Fla.1977). Moreover any error therein was harmless in view of the curative instruction given by the court. See Dunsford v. State, 399 So.2d 91, 93 (Fla. 1st DCA), rev. denied, 411 So.2d 381 (Fla.1981); Riley v. State, 367 So.2d 1091 (Fla. 3d DCA 1979). See generally State v. DiGuilio, 10 F.L.W. 430, 432 (Fla. Aug. 29,1985) (reh’g pending) (receding from Florida’s per se rule of reversal when prosecution comments on defendant’s right to remain silent, and adopting harmless error test used in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983): “[a]bsent the comment on silence, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?”).
Affirmed.

. Meyers was one of appellant’s co-defendants. Prior to trial, he entered into a plea agreement with the state and pled guilty to second degree murder in exchange for his testimony against appellant and a third co-defendant.