503 So.2d 425 (1987)
Miguel Angel GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1122.
District Court of Appeal of Florida, Third District.
March 3, 1987.
Rehearing Denied March 31, 1987.
*426 Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Miguel Gonzalez challenges his convictions and sentences for first-degree murder with a firearm, and robbery and kidnapping without a firearm. He maintains that although he participated in the robbery which resulted in the shooting and death of a jewelry store owner, he did not know that the perpetrator of the shooting intended to use a firearm or employ violence. Gonzalez cites three grounds for reversal: 1) a juror left the jury during a lunch recess after the commencement of deliberations; 2) the evidence does not support the convictions because Gonzalez withdrew from the crimes and did not intend to participate in any offense other than extortion; and 3) the prosecutor made improper comments during closing arguments. We find no merit in the points raised.
Relying on Florida Rule of Criminal Procedure 3.600(b)(3),[1] Gonzalez contends that a mistrial or new trial should have been granted because a juror left the other jurors after deliberations had begun without obtaining the court's permission. The state responds that the determinative question is whether the juror's separation was "for any length of time sufficient to be exposed to outside influence." Ulloa v. State, 486 So.2d 1373, 1375 n. 5 (Fla. 3d DCA 1986). The state argues that the juror's brief separation during a lunch recess does not warrant reversal. See Taylor v. State, 498 So.2d 943 (Fla. 1986); Livingston v. State, 458 So.2d 235 (Fla. 1984).
The record reflects that prior to instructing the jury, the trial judge announced:
Now, are you hungry? Okay. I anticipate this should take me a half an hour. You will then be able to, at your choice, either go to lunch downstairs at our expense at a place reserved for you downstairs in the cafeteria. If you decide to go before beginning to deliberate, no deliberations are to take place during *427 lunch. You are not to talk about the case. Deliberations are supposed to take place in the jury room once you are in there for that purpose.
Outside the hearing of the jury, the judge ordered the bailiff to ensure that the jury remained together during the lunch recess; the judge did not admonish the jury that they were to eat as a group. One of the jurors had brought his lunch and, without requesting permission, went to a cafeteria on another floor to eat with his wife. Shortly thereafter, a clerk found him sitting alone and brought him to the downstairs cafeteria to rejoin the other jurors, who were still standing in line. After lunch, the jury deliberated. When the jury returned its verdicts, defendant's counsel made an objection. As a result, the judge questioned the juror about his absence; the juror told the court that he did not speak to anyone while he was away from the other jurors.
We find no violation of Florida Rule of Criminal Procedure 3.600(b)(3). The record discloses that the jury did not begin its deliberations until after lunch, and that the separation occurred prior to the commencement of deliberations. Furthermore, the juror's momentary absence did not prejudice defendant's substantial rights: the juror spoke to no one while he was gone, and rejoined the group after a very brief interval. See Ulloa. Gonzalez gains no support from the recent supreme court decision in Taylor v. State, 498 So.2d 943 (Fla. 1986). That opinion, condemning jury separation after the commencement of deliberations, is inapposite to the facts before us. Here, no basis for reversal on this ground appears in the record.
Next, we turn to Gonzalez's second point. We find sufficient evidence to support the verdicts. Gonzalez, by intending to aid the perpetrator in the robbery, is guilty of crimes committed in furtherance of the scheme. See Parker v. State, 458 So.2d 750 (Fla. 1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985); Jacobs v. State, 396 So.2d 713 (Fla. 1981); Hernandez v. State, 323 So.2d 318 (Fla. 3d DCA 1975); Davis v. State, 275 So.2d 575 (Fla. 1st DCA), cert. denied, 280 So.2d 684 (Fla. 1973). The jury was not required to accept his assertion that he withdrew from criminal activity. See Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983); Miller v. State, 503 So.2d 929 (Fla. 3d DCA 1987).
As to the point concerning prosecutorial improper statements, we find no merit. Gonzalez failed to object when the jury was informed during voir dire that Gonzalez was not facing the death penalty; he thereby waived his right to complain when the prosecutor reminded the jury during closing argument that Gonzalez and the other participant in the crime were subject to different penalties. See Allah v. State, 471 So.2d 121 (Fla. 3d DCA 1985), review denied, 485 So.2d 426 (Fla. 1986). With regard to the prosecutor's allusion to facts not in evidence, the trial court cured the error by instructing the jury to disregard the comment as defense counsel had requested, see Ferguson v. State, 417 So.2d 639 (Fla. 1982); Adams v. State, 465 So.2d 564 (Fla. 3d DCA 1985); see also Rodriguez v. State, 493 So.2d 1067 (Fla. 3d DCA 1986), and correctly denied defendant's motion for mistrial. Under the circumstances of this case the error was harmless. See State v. Murray, 443 So.2d 955 (Fla. 1984); Smith v. State, 486 So.2d 685 (Fla. 3d DCA 1986); Moore v. State, 483 So.2d 512 (Fla. 4th DCA), review denied, 492 So.2d 1334 (Fla. 1986); see also Holland v. State, 503 So.2d 1250 (Fla. 1987).
For these reasons, we affirm the convictions and sentences.
NOTES
[1] Florida Rule of Criminal Procedure 3.600(b)(3) states:

(b) The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby:
... .
(3) That the jurors, after retiring to deliberate upon the verdict, separated without leave of court. .. .