568 So.2d 452 (1990)
Michael WARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1943.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Rehearing Denied November 7, 1990.
*453 John Lipinski, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
PER CURIAM.
Appellant, Michael Ward, appeals his convictions and sentences for third degree murder with a firearm, attempted second degree murder with a firearm, three counts of culpable negligence, possession of a firearm while engaged in a criminal offense, and carrying a concealed firearm. We affirm.
All of appellant's charges arose from one incident where appellant fired a gun into a group of children. The children had been involved in a street fight with appellant's nephews. After the fight had ended, appellant approached some of the children and, in front of their family members, fired the gun, killing one child and injuring others. Eyewitnesses to the shooting, including a police officer, identified appellant as the person who fired the shots.
At trial, appellant claimed he fired the gun in self-defense after coming to investigate why someone had threatened his nephews during the prior fight. Appellant also claimed that some of the victims' injuries might have been caused by a boy who had been standing across the street, purportedly holding a firearm.
Appellant contends the trial court erred by refusing to give a jury instruction concerning the doctrine of independent act. Appellant also contends his sentence was improperly based on an incorrectly computed scoresheet and exceeded the guidelines without valid reasons.
Appellee, State, asserts that the trial court correctly refused the requested independent act jury instruction because the evidence at trial did not support the instruction. State further asserts that appellant's scoresheet and departure sentence were properly computed and supported by valid reasons.
The doctrine of independent act arises from circumstances where, after participating in a common plan or design, one co-felon does not participate in acts, committed by another co-felon, which fall outside of, and are foreign to, the common design of the original collaboration. See Parker v. State, 458 So.2d 750 (Fla. 1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985). In Parker, it is clear that the thrust of this doctrine is to exonerate one defendant from acts committed outside of the original plan or design by a co-felon. Parker, 458 So.2d at 752.
Nothing in the record supports a contention that the boy across the street, who might have possibly had a gun, participated with appellant in any common plan or design, and then acted outside that plan. There is no evidence that the boy either discharged the weapon or caused any injuries. Accordingly, the doctrine of independent act does not apply to these facts and *454 the trial court properly denied the jury instruction.
Appellant's sentence exceeded the sentencing guidelines. The trial court entered three written reasons to depart from the guidelines: (1) the timing of the offenses and an escalating pattern of criminal conduct; (2) the extreme risk of danger to many people; and (3) the trauma suffered by family members who were present and saw their children and grandchildren shot. We find all three reasons to be valid. See State v. Jones, 530 So.2d 53 (Fla. 1988); Williams v. State, 504 So.2d 392 (Fla. 1987); Casteel v. State, 498 So.2d 1249 (Fla. 1986); Alfonso v. State, 561 So.2d 1207 (Fla. 3d DCA 1990); Vara v. State, 546 So.2d 1071 (Fla. 2d DCA), rev. denied, 554 So.2d 1169 (1989); Green v. State, 545 So.2d 359 (Fla. 2d DCA 1989); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
Finally, we have reviewed the scoresheet used to compute appellant's sentence. The scoresheet included thirteen points for appellant's prior record. Appellant claims error because these points resulted from offenses for which appellant was placed on probation without having been adjudicated guilty.
The Committee Note to rule 3.701(d)(5) of the Florida Rules of Criminal Procedure defines "prior record" to include "all offenses for which the defendant has been found guilty, regardless of whether adjudication was withheld, or the record has been expunged." The inclusion of the thirteen points for prior offenses committed by appellant were proper.
Since we find no merit in any of appellant's points on appeal, we affirm appellant's convictions and sentences.
Affirmed.