PER CURIAM.
Appellant, Alphonso Lewis, appeals the trial court’s summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure, 3.850. Appellant’s motion includes several claims of ineffective assistance of counsel, one of which we feel merits discussion.
On October 17, 1985, appellant was found guilty on one count of second degree murder under the felony murder rule. Taking as true the facts stated in the motion, appellant was attempting to purchase an automobile battery from the victim, and was about to do so while some friends waited outside the victim’s residence. Although appellant admits that his friends/codefendants had discussed stealing the battery, appellant denies agreeing to such a scheme. Before completing the purchase, one of appellant’s friends entered the premises, the victim became alarmed, drew a gun attempting to shoot appellant, appellant and victim struggled, the gun discharged, and appellant fled the scene, leaving the others behind. At trial, it was established that the victim was severely beaten, and died as the result of bullet wounds to the heart, chest and abdomen, with massive internal bleeding.
In his post-conviction motion, appellant claims that counsel was ineffective in failing to request a jury instruction on the law applicable to his theory of defense — that the homicide was the result of the independent acts of the codefendants. Appellant argues that he was entitled to the instruction that the jury could not find him guilty of murder, even under the felony murder rule, if the jury found that the murder was the result of the independent acts of the codefendants.
It is well established that a defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such instructions. Hansbrough v. State, 509 So.2d 1081, 1085 (Fla.1987); Smith v. State, 424 So.2d 726, 732 (Fla.1982); Bryant v. State, 412 So.2d 347, 350 (Fla.1984); Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945). On its face, appellant’s motion sets forth sufficient facts to demonstrate an entitlement to an instruction that the jury could not find appellant guilty of felony murder if it found that the homicide was the result of the independent acts of the codefendants. See e.g., Bryant v. State. Accordingly, we instruct the trial court to either hold an evidentiary hearing or attach portions of the record which show conclusively that appellant is entitled to no relief.
REVERSED and REMANDED with instructions.
SHIVERS, ZEHMER and MINER, JJ., concur.