600 So.2d 529 (1992)
Julio DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1925.
District Court of Appeal of Florida, Third District.
June 16, 1992.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
Diaz was convicted of the second degree felony murder of one of his confederates in an attempted robbery who was shot dead by the intended victim. His sole appellate claim concerns the failure of the trial court to give an instruction on "independent act." See Parker v. State, 458 So.2d 750 (Fla. 1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985); Bryant v. State, 412 So.2d 347 (Fla. 1982); Ward v. State, 568 So.2d 452 (Fla. 3d DCA 1990). He contends the proposed charge was justified by evidence that the shooting took place only after the decedent himself pulled a pistol, contrary to the robbers' previous agreement that no weapons would be used.
Because (a) the mere intent to participate in the underlying felony  here, robbery  is sufficient in this respect to support a second degree murder conviction, Adams v. *530 State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977), and (b) Diaz was thus clearly liable for any acts, whether he knew of them ahead of time or not, committed by an accomplice in furtherance of that offense, Hall v. State, 403 So.2d 1321 (Fla. 1981), the decedent's even unexpected use of a gun in the robbery was not an "intervening act" as a matter of law. See Gonzalez v. State, 503 So.2d 425 (Fla. 3d DCA 1987). The requested instruction was therefore properly refused.
Affirmed.