711 So.2d 1215 (1998)
Rolando Enrique PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-3571.
District Court of Appeal of Florida, Third District.
May 6, 1998.
Rehearing Denied June 10, 1998.
*1216 Bennett H. Brummer, Public Defender, and Charles G. White, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Rolando Perez appeals judgments of conviction for first degree felony murder, armed burglary, and armed robbery. We affirm.
First, Perez contends that the trial court erred in denying his motion to sever his trial from co-defendant Broche's trial and in admitting Broche's confession into evidence at their joint trial. These contentions do not merit reversal. The American Liquors store was robbed by three perpetrators. As the perpetrators fled the store, a bystander was fatally shot during a shoot-out with the store owner. The police arrested Perez and co-defendants Broche and Plaza.[1] Both Broche and Perez confessed to their participation in the crimes. Broche admitted shooting at the store owner, and he implicated Perez in the robbery. Perez sought to sever his trial from co-defendant Broche based on the admission of Broche's confession. The court denied the motion. In their joint trial, the court admitted Broche's confession. Broche did not testify.[2]
The trial court erred in introducing those portions of Broche's confession implicating Perez.[3] "[T]he totality of the circumstances under which [Broche] made [his] confession[] [does not demonstrate] the particularized guarantee of trustworthiness sufficient to overcome the presumption of unreliability that attaches to accomplices' hearsay confessions which implicate the defendant." Gonzalez v. State, 700 So.2d 1217, 1219 (Fla. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1393, 140 L.Ed.2d 652 (1998). However, the admission of Broche's confession implicating Perez was harmless error beyond a reasonable doubt. The confessions of Broche and Perez are consistent with each other in many respects. Perez admitted to being with co-defendants and to participating in the robbery; he does not contest the legality of his *1217 confession in this appeal. Furthermore, other evidence corroborates his confession as to the commission of the crime: the store owners testified as to the manner the crime was committed and identified Perez and Broche as the perpetrators who robbed the store, shot at them and fled in Perez's car. Therefore, we conclude that the erroneous admission of Broche's confession did not contribute to Perez's convictions. See Gonzalez, 700 So.2d at 1219; Franqui v. State, 699 So.2d 1312 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1337, 140 L.Ed.2d 499 (1998); Franqui v. State, 699 So.2d 1332 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1337, 140 L.Ed.2d 499 (1998).
Second, Perez's argument that he was entitled to an "independent act" instruction as to the killing of the bystander is without merit. The record does not disclose evidence of an intervening act which would merit such instruction. Perez and his co-defendants agreed to rob the store. Perez was a willing participant in the armed robbery. The bystander was fatally shot when Broche and Plaza shot at the store owner as they fled the scene. The murder of the bystander was committed in furtherance of the robbery: it enabled Perez and the co-defendants to flee the scene successfully. Thus, there is a causal connection between the robbery and the homicide and the co-defendants are guilty of felony murder. See Lovette v. State, 636 So.2d 1304, 1306-07 (Fla.1994); Dell v. State, 661 So.2d 1305 (Fla. 3d DCA 1995); Gonzalez v. State, 503 So.2d 425 (Fla. 3d DCA 1987). As this court held in Diaz v. State, 600 So.2d 529, 529-30 (Fla. 3d DCA), review denied, 613 So.2d 3 (Fla.1992), "[b]ecause ... the mere intent to participate in the underlying felonyhere, robberyis sufficient in this respect to support a [first] degree murder conviction, and ... [Perez] was thus clearly liable for any acts, whether he knew of them ahead of time or not, committed by an accomplice in furtherance of that offense...," the shooting of the bystander was not an intervening act. (citations omitted). Accordingly, the trial court did not err in denying Perez's request for an "independent act" instruction.
Third, Perez asserts that the court erred in denying his motion to strike the prospective jury panel based on the state's use of misleading hypotheticals. Although a review of the voir dire indicates that during the extensive questioning of the panel, the state proffered improper questions and comments, see Franqui, 699 So.2d at 1322-23, the trial court's curative instructions and correct felony murder charge to the jury dissipated any harm and obviated the need to grant Perez's motion to strike the panel. See Williams v. State, 674 So.2d 155 (Fla. 4th DCA 1996); Louis v. State, 567 So.2d 38 (Fla. 3d DCA 1990); Romero v. State, 341 So.2d 263 (Fla. 3d DCA), cert. denied, 346 So.2d 1250 (Fla.1977).
Finally, we do not address Perez's contentions that the court erred in permitting the state to exercise certain peremptory challenges and in failing to excuse a juror for cause: Perez failed to preserve those issues for review. See Joiner v. State, 618 So.2d 174 (Fla.1993); Trotter v. State, 576 So.2d 691 (Fla.1991); Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997); Gill v. State, 683 So.2d 158 (Fla. 3d DCA 1996).
Because Perez has failed to present reversible error, we affirm the convictions.
Affirmed.
NOTES
[1] Plaza was tried separately.
[2] This court affirmed Broche's convictions. Broche v. State, 701 So.2d 446 (Fla. 3d DCA 1997).
[3] The court did not err in admitting Broche's "individually self-incriminating" statements. Franqui v. State, 699 So.2d 1312, 1320 (Fla. 1997), cert denied, ___ U.S. ___, 118 S.Ct. 1337, 140 L.Ed.2d 499 (1998).