PER CURIAM.
Appellant was convicted of first degree murder, armed kidnaping, armed robbery, and grand theft. Appellant claims that the state failed to present sufficient evidence to prove that he was a principal to the charged crimes. We think that the evidence overwhelmingly demonstrates that appellant participated in both the robbery and murder of the victim. For example, appellant admitted his intent to participate in the robbery, he held a gun on the victim, and he shot the victim. See T.S. v. State, 675 So.2d 196, 198 (Fla. 4th DCA 1996). The fact that the shot fired by the co-defendant, and not the shot fired by the appellant, actually killed the victim is immaterial to an analysis of liability as a principal.
Appellant also claims that it was error to exclude a statement by his co-defendant admitting his guilt as to the murder. We find that even if the statement should have been admitted, it clearly was harmless error, given appellant’s liability as a principal.
Finally, appellant objected to the trial court’s denial of his request for an “independent act” jury instruction. There was no error since the record is replete with evidence of appellant’s participation in the events. See Lovette v. State, 636 So.2d 1304, 1307 (Fla.1994); Perez v. State, 711 So.2d 1215, 1217 (Fla. 3d DCA 1998).
Affirmed.
WARNER, C.J., FARMER and STEVENSON, JJ„ concur.