PER CURIAM.
Appellant, Corey Woodyard, argues for reversal on grounds, among others, that the trial court declined to give Florida Standard Jury Instruction (Criminal) 2.04(b) pertaining to the testimony of an accomplice. This instruction consists of the following:
You should use great caution in relying on the testimony of a witness who claims to have helped the defendant commit a crime. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant.
However, if the testimony of such a witness convinces you beyond a reasonable doubt of the defendant’s guilt, or the other evidence in the case does so, then you should find the defendant guilty.
Here, as in Taylor v. State, 429 So.2d 1258, 1259 (Fla. 1st DCA 1983), “there was sufficient evidence on which to base the instruction.” Cf. Hutchins v. State, 311 So.2d 198, 198-99 (Fla. 3d DCA 1975).
Without the putative accomplice’s testimony, the evidence would have been insufficient to convict. The defense’s theory was that the putative accomplice testified falsely at trial. The error was not harmless. See Goodwin v. State, 751 So.2d 537, 546 (Fla.1999); State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). See generally Bryant v. State, 412 So.2d 347, 350 (Fla.1982) (‘Where there is any evidence introduced at trial which supports the theory of the defense, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense when he so requests.”).
Reversed and remanded.
BOOTH, BENTON, and VAN NORTWICK, JJ„ concur.