837 So.2d 1152 (2003)
John Mark BEACHY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4844.
District Court of Appeal of Florida, First District.
February 21, 2003.
Michael Gibson, Pace, for Appellant.
Charlie Crist, Attorney General and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
John Mark Beachy seeks reversal of his conviction for third degree felony murder, arguing that the trial court reversibly erred in denying his request for a jury instruction on the independent act doctrine. See Fla. Std. Jury Instr. (Crim.) 3.6(l). As a general rule, the felony murder rule and the law of principals combine to make a felon liable for the acts of a co-felon. Bryant v. State, 412 So.2d 347, 350 (Fla.1982). Nevertheless, under the independent act doctrine, a defendant whose co-felon exceeds the scope of, and acts independently of, the original common plan is exonerated from any punishment imposed as a result of the co-felon's independent act. Ray v. State, 755 So.2d 604, 609 (Fla.2000). Further, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense, if there is any evidence to support the requested instruction. Woodyard v. State, 823 So.2d 853 (Fla. 1st DCA 2002); Mathews v. State, 799 So.2d 265 (Fla. 1st DCA 2001); Langston v. State, 789 So.2d 1024 (Fla. 1st DCA 2001); Bozeman v. State, 714 So.2d 570 (Fla. 1st DCA 1998). Thus, "[w]here there is evidence from which a jury could determine that acts of the co-felon resulting in murder were independent *1153 from the underlying felony, a defendant is entitled to an independent act instruction." McGee v. State, 792 So.2d 624, 626 (Fla. 4th DCA 2001). Here, appellant's unrebutted statement to the police supported the granting of the independent act instruction, and at trial the prosecution stipulated to the appellant's request for the instruction. Accordingly, the trial court reversibly erred in denying appellant's request for an independent act instruction, and we reverse and remand for a new trial.
REVERSED and REMANDED.
WEBSTER, DAVIS and VAN NORTWICK, JJ., concur.