GROSS, J.
Mario Washington appeals his conviction and life sentence for first degree murder rendered by the circuit court after a jury trial. His sole point on appeal is that the trial court erred in failing to give the independent act jury instruction. Finding no error in the trial court’s refusal to give the instruction, we affirm.
The victim in this case was shot during a robbery by two gunmen. State witness Frederick Gregory, Jr. testified that Washington and Avery Rahming were the two gunmen. According to Gregory, Washington said that Rahming and he “went and shot the [victim]” because the [victim] tried to “buck on [Rahming],” or run away. Gregory said Washington elaborated that both Rahming and he shot the victim to keep him from running.
The state also introduced Washington’s videotaped statement to the police. In the statement, Washington claimed that he waited in the car as a lookout while Gregory and Rahming went to rob some Jamaicans. While in the car, Washington heard gunshots and saw Gregory and Rahming running to the car. Washington claimed that Rahming admitted shooting a man in the house because the man would not give him money. Washington said that because the group that had planned the robbery still had no money, they went to a gambling house in Fort Pierce.
The victim’s injuries included a gunshot wound in the lower middle left area of his back, a gunshot wound in the arm, and another above the right ankle. The gunshot to the victim’s back perforated his liver, which resulted in hemorrhaging and his subsequent death. A projectile located at the scene of the shooting belonged to a nine millimeter gun.
A nine millimeter gun, loose rounds, and a magazine were found outside Washington’s residence in an empty cereal box located in his garbage can. The gun, as test fired, was matched to the projectile found at the crime scene. A partial fingerprint found on the gun was consistent with Washington’s fingerprint, but could not be identified as a conclusive match.
Where any evidence which would support the theory of independent act has been presented, the defendant is entitled to the jury instruction. See Ray v. State, 755 So.2d 604, 608 (Fla.2000); Shaw v. State, 824 So.2d 265 (Fla. 4th DCA 2002); McGee v. State, 792 So.2d 624, 626 (Fla. 4th DCA 2001).
The independent act doctrine provides that a defendant whose co-felon “exceeds the scope of, and acts indepen *1270 dently of, the original common plan is exonerated from any punishment imposed as a result of the co-felon’s independent act.” Beachy v. State, 837 So.2d 1152 (Fla. 1st DCA 2003); see also Fla. Std. Jury Instr. (Crim.) 3.6(l). As the supreme court explained in Ray:
The “independent act” doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, “which fall outside of, and are foreign to, the common design of the original collaboration.” Under these limited circumstances, a defendant whose cofelon exceeds the scope of the original plan is exonerated from any punishment imposed as a result of the independent act. Where, however, the defendant was a willing participant in the underlying felony and the murder resulted from forces which they set in motion, no independent act instruction is appropriate.
755 So.2d at 609 (citations omitted).
Even assuming that Washington was not one of the two gunmen, he is nonetheless liable for the homicide under the felony murder rule. According to his statement, he waited in the car as a lookout while the two gunmen went to commit a robbery. “The felony murder rule and the law of principals combine to make a felon liable for the acts of a co-felon.” Beachy, 837 So.2d at 1152. For a felony murder conviction, the defendant’s presence during the killing is unnecessary; the critical fact is his or her participation in the underlying felony. See Goodwin v. State, 405 So.2d 170, 172 (Fla.1981). “One who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime.” Jacobs v. State, 396 So.2d 713, 716 (Fla.1981).
The trial court correctly denied the independent act instruction because there was no evidence at trial which supported the theory that the killing of the victim was independent, and not in furtherance of the robbery. Whether Washington was one of the two gunmen, or only the lookout, he was a participant in the robbery scheme from the beginning. The murder of the victim was committed in furtherance of the robbery.
A shooting that occurs during an armed robbery with a firearm does not exceed the scope of the armed robbery so that an independent act instruction is required. See Perez v. State, 711 So.2d 1215 (Fla. 3d DCA 1998); Dell v. State, 661 So.2d 1305 (Fla. 3d DCA 1995). For example, in Perez,
Perez and his co-defendants agreed to rob [a] store. Perez was a willing participant in the armed robbery. The bystander was fatally shot when [Perez’s co-defendants] shot at the store owner as they fled the scene. The murder of the bystander was committed in furtherance of the robbery: it enabled Perez and the co-defendants to flee the scene successfully. Thus, there is a causal connection between the robbery and the homicide and the co-defendants are guilty of felony murder. As this court held in Diaz v. State, 600 So.2d 529, 529-30 (Fla. 3d DCA), review denied, 613 So.2d 3 (Fla.1992), “[b]ecause ... the mere intent to participate in the underlying felony-here, robbery-is sufficient in this respect to support a [first] degree murder conviction, and ... [Perez] was thus clearly liable for any acts, whether he knew of them ahead of time or not, committed by an accomplice in furtherance of that offense ....,” the shooting of the bystander was not an intervening act. Accordingly, the trial court did not err in denying Perez’s *1271 request for an independent act instruction.
711 So.2d at 1217 (additional citations omitted).
Like the defendant in Perez, Washington was a willing participant in the armed robbery, either as a lookout or gunman. Washington never “expressly declined to participate” in the planned robbery. Shaw, 824 So.2d at 269. His own statement indicated that he acted as a lookout and once the gunmen returned to the car, he joined them in their escape from the scene. The shooting was in furtherance of the robbery, not independent of it. The trial court did not err in denying Washington’s request for the independent act instruction.
AFFIRMED.
WARNER and KLEIN, JJ., concur.