DAVIS, J.
Appellant, Donna Cannon, challenges her convictions and sentences for armed robbery with a firearm and first-degree murder. Appellant argued several grounds on appeal, but we write only to address her argument that the trial court abused its discretion in denying her request for an independent act instruction.
At trial, Terrell Powell, Appellant’s cousin, testified that Appellant convinced him that he needed to rob someone because she was low on money. In preparation for the robbery, Powell stole a shotgun and money to purchase ammunition while Appellant acted as a lookout. Because Powell was only thirteen years old at the time, Appellant, who was twenty-eight years old, purchased the ammunition. Powell also testified that Appellant wanted him to rob Aaron Wilson because she believed that he had money. Appellant gave Powell socks to wear on his hands on the night of the robbery to prevent him from leaving fingerprints. When Powell arrived at the home of Aaron Wilson, he believed that the house was empty. After waiting outside the house, Powell saw a car park behind the house and a man enter the house. Powell approached the man with the shotgun when the man exited the house to sit on the back steps. Powell testified that he shot the man because the man swung a pipe at Powell. Powell grabbed the man’s wallet and went back to Appellant’s house. Powell testified that he gave the wallet to Appellant. The man Appellant shot was Moses Wilson, Aaron’s brother.
At trial, defense counsel asked the court to read the jury instruction for an independent act because the murder of Moses Wilson was outside the scope of Appellant’s and Powell’s plan to rob Aaron Wilson. The trial court denied the request. The jury convicted Appellant of *564 armed robbery with a firearm and first-degree murder. This appeal follows.
The trial court’s decision to withhold a jury instruction is reviewed for an abuse of discretion. Davis v. State, 922 So.2d 438, 444 (Fla. 5th DCA 2006). The trial court’s discretion is limited because a criminal defendant is entitled to have the jury instructed on his theory of defense if there is any evidence to support the defense. Id. The trial court should not weigh the evidence to determine whether the instruction is appropriate. Charles v. State, 945 So.2d 579, 582 (Fla. 4th DCA 2006).
The independent act doctrine is applicable “when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofel-on, ‘which fall outside of, and are foreign to, the common design of the original collaboration.’ ” Ray v. State, 755 So.2d 604, 609 (Fla.2000) (quoting Ward v. State, 568 So.2d 452, 453 (Fla. 3d DCA 1990)). “Where, however, the defendant was a willing participant in the underlying felony and the murder resulted from forces which they set in motion, no independent act instruction is appropriate.” Id.
In this case, Powell testified that Appellant helped plan, and even encouraged, the execution of this armed robbery. Powell testified that they never planned to murder anyone and that he only shot Moses Wilson because Moses swung a pipe at him. However, because the murder was the result of the forces set in motion by Powell’s and Appellant’s plan to commit armed robbery, it is properly considered a part of their common plan. Jones v. State, 804 So.2d 551, 552 (Fla. 3d DCA 2002) (“A killing in the face of either verbal or physical resistance by a victim is properly viewed as being within the original criminal design.”). The fact that Powell robbed and shot Moses Wilson, instead of Aaron Wilson, does not remove the murder from the scope of the original plan because the murder was intrinsically related to, and arose from, the original plan to commit armed robbery at the Wilsons’ home. Shaw v. State, 824 So.2d 265, 270 (Fla. 4th DCA 2002) (holding that a co-defendant’s murder of a taxi cab driver after the driver resisted the robbery arose from, and was intrinsically related to, the planned armed robbery).
The trial court did not abuse its discretion in denying Appellant’s request for an independent act instruction because there was no evidence in the record to support this theory. There was no evidence to show that Powell abandoned the original plan to rob Aaron Wilson, and he never testified that he knew at the time of the shooting that the man he shot was not Aaron Wilson. Moreover, a shooting during an armed robbery is a foreseeable event. Washington v. State, 873 So.2d 1268, 1270 (Fla. 4th DCA 2004) (“A shooting that occurs during an armed robbery with a firearm does not exceed the scope of the armed robbery so that an independent act instruction is required.”); see also Perez v. State, 711 So.2d 1215 (Fla. 3d DCA 1998); Dell v. State, 661 So.2d 1305 (Fla. 3d DCA 1995). We, therefore, affirm Appellant’s convictions and sentences.
ALLEN, J, concurs; BENTON, J., dissents with opinion.