SUAREZ, J.
Wesley Johnson appeals from his conviction and sentence for second-degree murder. We affirm. Our review of the record shows that the trial court did not abuse its discretion by refusing to give the jury instruction on “independent act.” The evidence does not support the instruction.
Johnson was charged with first-degree murder, but was convicted of second-degree murder as a lesser included offense, robbery with a firearm, and trespass of an occupied structure while armed (all lesser-included offenses). According to the testimony of co-defendant Bjorn Blake, Johnson and five others went to the victim’s home armed with two baseball bats and a machete in order to rough him up and take a gun from him. They broke into the victim’s home after midnight and dragged him out of his bed; Johnson allegedly hit the victim in the knees and lower back with one bat and duct-taped his legs together while one of the co-defendants hit him with a metal bat, and another co-defendant, Willie Velez, savagely beat the victim in the head with a hammer. Blake testified that it was not the group’s intent to kill the victim, but merely to beat him up; Blake testified that Velez was clearly out of control when he Ijeat the victim to death. Blake testified that Johnson was the last person to leave the house, after ransacking the closet and finding the gun they were looking for.
At trial, Johnson’s counsel raised two defense theories: 1) that Johnson was not present the night of the murder and; 2) if he was present, then co-defendant Velez’s fatal beating of the victim was an unforeseen independent act falling outside of the original plan. During the charge conference, the trial court initially agreed to give the defense’s requested standard jury instruction on independent act. Prior to closing, however, the State objected to inclusion of this instruction. After discussion, the trial court agreed that the evidence did not support application of the independent act instruction, and refused to include it. We agree with the trial court’s ruling.
A defendant is entitled to have the jury instructed on the law applicable to his theory of defense. No instruction is necessary, however, where there is no evidence to support the theory. Ray v. State, 755 So.2d 604 (Fla.2000). An independent act occurs when a co-felon commits or attempts to commit a crime that was not part of the common plan and that the defendant did not intend to occur, and in which the defendant did not participate, and those acts are outside of and not a reasonably foreseeable consequence of the common design or unlawful acts contemplated by the defendant. See Standard Jury Instruction (Criminal) 3.6(i), Independent Act[1]; Ray, 755 So.2d at 609; Dell v. State, 661 So.2d 1305, 1306 (Fla. 3d DCA *172 1995) (quoting Ward v. State, 568 So.2d 452 (Fla. 3d DCA 1990)). Where, however, the defendant was a willing participant in the underlying felony and the murder resulted from forces that they set in motion, the independent act instruction is inappropriate. See Lovette v. State, 636 So.2d 1304 (Fla.1994); Perez v. State, 711 So.2d 1215 (Fla. 3d DCA 1998); Archer v. State, 613 So.2d 446, 448 (Fla.1993) (holding that the independent act theory is inappropriate when the defendant created the situation and the victim’s death was a natural and foreseeable result of forces that the defendant set in motion).
We find that the trial court did not abuse its discretion to decline to instruct the jury on the independent act defense where, as here, death was a reasonably foreseeable consequence of the plan. The evidence showed that the defendant was a willing participant in the plan to beat up the victim, and that the group brought baseball bats and a machete with them for that purpose. They broke in to the victim’s home in the middle of the night; bound his feet and beat him about the body and head. There is no evidence from which the jury could have reasonably found that the killing was not a reasonably foreseeable consequence of the planned beating. Further, the refusal to give a special jury instruction is not error if the charge given adequately addresses the applicable legal standard, as here, for second-degree murder under the law of principals. We find no merit in the remaining issues.
Affirmed.

. 3.6(Z) INDEPENDENT ACT:
If you find that the crime alleged was committed, an issue in this case is whether the crime of (crime alleged) was an independent act of a person other than the defendant. An independent act occurs when a person other than the defendant commits or attempts to commit a crime
1. which the defendant did not intend to occur, and
2. in which the defendant did not participate, and
3. which was outside of, and not a reasonably foreseeable consequence of the common design or unlawful act contemplated by the defendant.
If you And the defendant was not present when the crime of (crime alleged) occurred, that, in and of itself, does not establish that the (crime alleged) was an independent act of another.
*172 If you find that the (crime alleged) was an independent act of [another] [ (name of individual) ], then you should find (defendant) not guilty of the crime of (crime alleged). If the name of the other person is known, it should be inserted here; otherwise, use the word "another.”