# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D14-5700
_____

DEONTREZ LEVON KITT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

November 30, 2018


PER CURIAM.

In this direct appeal from his conviction and sentence for first-degree felony murder and armed burglary, Appellant claims that the trial court abused its discretion by denying his request for a jury instruction on the independent act doctrine. We disagree and affirm.

During its case-in-chief, the State presented testimony that Appellant and three cofelons went to the victim's apartment with firearms to rob the victim of drugs and money. The victim and his fiancée were taken to the living room where Appellant threatened to shoot the victim's fiancée if the victim did not disclose the location of a box containing drugs. Appellant also struck the victim in the head with a gun. After ransacking the apartment for about

an hour in a search for drugs and money, the intruders discussed taking the victim with them and trying to get a ransom. Appellant told the victim's fiancée that they were going to kidnap the victim for ransom and warned her not to call the police. The victim was transported from the scene in the trunk of the victim's car. While Appellant was following behind the victim's car, the victim escaped from the trunk and was shot and killed by one of Appellant's cofelons.

At the charge conference, defense counsel requested a jury instruction on the independent act doctrine, which was denied by the trial court. The jury returned a verdict finding Appellant guilty as charged with a specific finding that Appellant actually possessed a firearm. The trial court adjudicated Appellant guilty and imposed concurrent life sentences. This appeal followed.

"The 'independent act' doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, 'which fall outside of, and are foreign to, the common design of the original collaboration.'" *Ray v. State*, 755 So. 2d 604, 609 (Fla. 2000) (quoting *Ward v. State*, 568 So. 2d 452, 453 (Fla. 3d DCA 1990)). "An independent act instruction is appropriate only when the actions of the cofelon who allegedly acted outside the scope of the original plan **were not foreseeable based on the actions a defendant set in motion**." *Rodriguez v. State*, 147 So. 3d 1066, 1068 (Fla. 3d DCA 2014) (emphasis in original). Thus, "where . . . the defendant was a willing participant in the underlying felony and the murder resulted from forces which they set in motion, no independent act instruction is appropriate." *Ray*, 755 So. 2d at 609.

Appellant claims that the trial court abused its discretion by denying his request for a jury instruction on the independent act doctrine because the murder of the victim was outside the common plan to rob and then kidnap the victim for ransom. However, it was unquestionably foreseeable that someone could be shot or killed during the events set in motion by Appellant. In particular, it was foreseeable that the victim might flee in the course of the kidnapping and be shot and killed in order to prevent him from contacting the police. *See Jones v. State*, 804 So. 2d 551, 552 (Fla. 3d DCA 2002) ("A killing in the face of either verbal or physical

2

resistance by a victim is properly viewed as being within the original criminal design.").

Accordingly, the trial court did not abuse its discretion by concluding that Appellant was not entitled to an independent act jury instruction. *See Parker v. State*, 458 So. 2d 750, 752-53 (Fla. 1984) (holding that the trial court did not err in failing to give a requested instruction on the independent act of a cofelon because the victim's murder was a natural and foreseeable culmination of the motivations for the original kidnapping where Parker, at the very least, was aware that the victim was being driven to woods against his will as part of the ongoing terrorization for failure to pay his drug debt); *Rodriguez*, 147 So. 3d at 1068-69 (holding that Rodriguez was not entitled to an independent act jury instruction where Rodriguez orchestrated the entire sequence of events by going to the victim's house armed with a firearm and bringing three cofelons, who he knew would be armed with firearms, to assist him in confronting and "scaring" the victim, and it was hardly unforeseeable that violence would occur or that someone could be shot or killed during this armed confrontation); *Cannon v. State*, 18 So. 3d 562, 564 (Fla. 1st DCA 2009) (holding that Cannon was not entitled to a jury instruction on the independent act doctrine at his trial for first-degree murder and armed robbery where Cannon helped plan the armed robbery and the murder of the resisting victim was the foreseeable result of the forces set in motion by Cannon and his co-defendant); *Roberts v. State*, 4 So. 3d 1261, 1264-65 (Fla. 5th DCA 2009) (holding that Roberts was not entitled to a jury instruction on the independent act doctrine at his trial for murder, robbery, and kidnapping where Roberts knew of and participated in the robbery, knew that a co-defendant was armed and shot a victim, and put the kidnapping victim in a stolen getaway van).

AFFIRMED.

RAY, KELSEY, and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Valarie Linnen, Atlantic Beach, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.