FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-3657
_____

JONARD EDMUND BANKS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Hamilton County.
Wesley R. Douglas, Judge.


November 15, 2023

NORDBY, J.

Jonard Edmund Banks appeals the trial court's order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. In the motion, Banks asserted four grounds for relief. We affirm the trial court's order on all grounds and write only to address Ground One.* We note

_____

* On appeal, Banks raises a new issue—that the State withheld information about a witness's plea discussion and his trial counsel was ineffective for failing to properly preserve the issue for this Court's review. Since this issue was not argued in the postconviction motion before the trial court, it was not preserved for our review. *Bryant v. State*, 901 So. 2d 810, 822 (Fla. 2005).

that Banks abandoned Grounds Two and Three by failing to raise them on appeal. *Givens v. State*, 314 So. 3d 765, 769 (Fla. 1st DCA 2021) (citing *Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) (en banc) ("[I]ssues not raised in the initial brief are considered waived or abandoned.")). We affirm Ground Four without comment.

## I.

A jury convicted Banks in 2017 of first-degree murder, arson, and burglary. The trial court sentenced Banks to life sentences for both murder and burglary, as well as thirty years for the arson conviction, with all counts to run concurrently. This Court affirmed his judgment and sentence. *Banks v. State*, 279 So. 3d 636 (Fla. 1st DCA 2019).

In 2020, Banks filed a motion for postconviction relief, alleging four grounds of ineffective assistance of counsel. As alleged in his motion, Banks and his co-defendants, Isa Dean and Tommy Roberts, were at a party when they agreed to buy marijuana. When they arrived at the victim's home, Banks overheard Dean and Roberts planning to enter even if no one was home. Banks tried to persuade Dean and Roberts otherwise. He then stayed at the car with Dean's girlfriend, Hope Broom. Banks and Broom heard gunfire, and Dean fled the home. Dean then drove the group back to their homes in Georgia.

Banks claimed that his trial counsel was ineffective because he failed to (1) request an independent act jury instruction, (2) file an adequate motion for new trial, and (3) request a jury instruction for Category One lesser included offenses. Lastly, Banks argued that even if the first three claims did not individually amount to ineffective assistance of counsel, their cumulative effect undermined the trial's outcome. The trial court denied Banks's motion for postconviction relief without a hearing. To support the summary denial, the trial court attached the motion for a new trial, the amended motion for new trial, the indictment, the jury instructions, portions of the trial transcript, portions of the motion for new trial hearing transcript, the order denying Banks's amended motion for new trial, and the verdict forms. This timely appeal follows.

2

## II.

We review a postconviction court's decision to summarily deny a motion without an evidentiary hearing de novo. Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order must be reversed and the cause remanded for an evidentiary hearing or other appropriate relief."); *see also Stephens v. State*, 748 So. 2d 1028, 1033 (Fla. 1999). Since there was no evidentiary hearing, we assume that the facts raised in Banks's postconviction motion are true unless the record refutes them. *See Lewis v. State*, 591 So. 2d 1046, 1047 (Fla. 1st DCA 1991).

To prevail on his ineffective assistance of counsel claim, Banks must show that his counsel's representation was outside of the range of reasonable professional assistance and that, but for his counsel's conduct, the trial's outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Brown v. State*, 337 So. 3d 454, 455 (Fla. 1st DCA 2022).

Under Ground One, Banks argued that his trial counsel was ineffective for failing to request an independent act jury instruction. A defendant is entitled to have the jury instructed on the law applicable to his theory of defense. *Lewis*, 591 So. 2d at 1047 (citing *Hansbrough v. State*, 509 So. 2d 1081, 1085 (Fla. 1987); *Smith v. State*, 424 So. 2d 726, 732 (Fla. 1982); *Bryant v. State*, 412 So. 2d 347, 350 (Fla. 1982); *Motley v. State*, 20 So. 2d 798, 800 (Fla. 1945)). The independent act doctrine applies "when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, 'which fall outside of, and are foreign to, the common design of the original collaboration.'" *Cannon v. State*, 18 So. 3d 562, 564 (Fla. 1st DCA 2009) (quoting *Ray v. State*, 755 So. 2d 604, 609 (Fla. 2000)). The doctrine does not apply when a co-felon's act was a foreseeable consequence of the underlying felony. *See Kitt v. State*, 260 So. 3d 462, 463 (Fla. 1st DCA 2018).

The independent act doctrine did not apply to Banks's defense at trial. In his motion for postconviction relief, Banks claimed that the original plan among the co-defendants was to buy marijuana.

3

Yet the postconviction court attached record evidence that, at trial, the defense's theory was that Banks was simply a passenger in the vehicle and never intended to commit *any* of the alleged crimes. Based on this theory, it was reasonable trial strategy for the defense to not request an independent act jury instruction. *Rigterink v. State*, 193 So. 3d 846, 862 (Fla. 2016) (quoting *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000)).

On appeal, Banks now contends that the original plan was burglary but claims that he did not agree to the homicide and arson. Even based on this version of events, the independent act doctrine does not apply, as murder and arson are reasonably foreseeable outcomes of burglary. *See Kitt*, 260 So. 3d at 463. There was thus no basis for an independent act jury instruction. Since the record refutes Banks's claim, the trial court did not err in denying the motion.

Finding no error by the trial court, we affirm the order summarily denying Banks's motion for postconviction relief on all grounds.

AFFIRMED.

ROWE and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jonard Edmund Banks, pro se, Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Senior Assistant Attorney General, Tallahassee, for Appellee.

4